No. 2,077.

THE·PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS, v.
M. J., MELLON, APPELLANT.

PRACTICE.—CONTINUANCE.—To entitle a party to a continuance on the ground
of the absence of evidence, the affidavit must show the materiality of the
facts which he expects to prove by the absent witness.

CRIMINAL PRACTICE.—LARCENY.—VENUE.—In a prosecution for larceny, the
venue may be laid in any county into which the stolen property may be
conveyed.

IDEM.—PLEADING.—When the venue has been laid in the county to which
the stolen property has been brought, it is not necessary to state in the
indictment, facts showing the commission of the larceny in another
county.

IDEM.—EVIDENCE.—In such case, it is competent to the prosecution to prove
that the property was stolen in another county, before it was brought
into that in which the venue is laid.

COUNTY JUDGE.—CONSTITUTIONAL CONSTRUCTION.—A statute authorizing a
County Judge to hold Court for the County Judge·of another county, is
not repugnant to the Constitution.

IDEM.—HOLDING COURT IN ANOTHER COUNTY.—When the County Judge of
one county, at the request of the County Judge of another, holds the
Court of the latter, for the trial of an action, and the record does not
show for what cause the request was made, the existence of some one of
the causes mentioned in the statute, will be presumed.

IDEM.—JURISDICTION.—Where the record shows no objection, by either party
during the trial, to the exercise of jurisdiction in the cause, by
the Judge of another county, it will be presumed that the parties con-
sented to the request by the proper Judge of the county, that he should
hold the Court.

IDEM.—A request by the County Judge of one county, to the County Judge
of another, that he should hold the Court of the former, for the trial of
a cause, gives the latter color of authority in that behalf, and he having
held the Court for that purpose, his authority cannot be enquired into
collaterally.

APPEAL from the County Court of the County of Yuba.

The defendant was indicted by the grand jury of Yuba
County, for the crime of grand larceny, for feloniously steal-
ing, taking and driving away a large number of cattle.

On the case coming up for trial, the defendant moved
for a continuance, on the ground of the absence of a wit-
ness, which motion was over-ruled by the Court.

The trial was commenced before the County Court of
Yuba county, S. M. Bliss, County Judge, presiding; but

during the trial, at the request of Judge Bliss, the Hon. R. W. Keyser, County Judge of Sutter County, took his place on the bench and presided until the conclusion of the case. The evidence showed that the cattle were stolen in the county of Sacramento, and were afterwards driven to the county of Yuba, where they were found in the possession of defendant.

The jury brought in a verdict of guilty. Defendant moved for a new trial, which motion was denied by the Court, and judgment entered, sentencing the defendant to six years imprisonment in the State Prison, from which judgment and the order denying a new trial defendant appealed.

The other facts are stated in the opinion.

*Coffroth & Spaulding*, for Appellant.

*First*—The Court erred in over-ruling the motion for a continuance.

The affidavit for continuance was filed and contained all the necessary averments. Defendant was entitled to the attendance of the witness and examination before the jury; we cannot find that a trial was ever forced on upon such an affidavit. The rule as to putting off a trial is the same in criminal as in civil codes. (*Rex* v. *D. Eou*, 1 W. Bl. 514; 3 *Burns.* 1514 S. C.; 1 Ch. C. L. 490–491; 2 Tidd. 708; 2 Archb. 210; 8 East. 31.)

We admit that the Court below has a discretion in refusing or granting the motion, but he has not an arbitrary discretion. The decision must be based upon some rule of law; and in discovering and applying that rule. Is the witness material?

The affidavit shows that the absent witness will swear that the defendant was fifty miles distant from the scene of the larceny at the time it was committed, and that we cannot prove the same fact by any other person. We deduce from this that the witness was very material.

*Second*—The County Judge of Sutter County, erred in

trying the defendant, and presiding at the trial, and in rendering judgment.

The Constitution says: that there shall be elected *for* and *in* each County in the State, a County Judge.. (Const. Art. VI, Sec. 6.)

The Legislature passed an act permitting County Judges to hold Court in counties other than the one for which they might be elected, but this can only be done under stated circumstances. (Stat. 1867–8, p. 145.)

To give Judge Keyser jurisdiction to try this case, some one of the facts stated in the statute should appear, but we search the record in vain to find one. All that can be found in the transcript is as follows, immediately succeeding the judgment: Phil. W. Keyser, County Judge of Sutter County, acting for and at the request of the County Judge of Yuba County, California.

The defendant was tried and convicted before a Judge who had not jurisdiction to act, and as a consequence the judgment should be set aside, and a new trial ordered.

Judge Bliss had not the legal authority to call him in. The statute prescribes the mode, and it must be strictly followed.

*Third*—The Court erred in permitting testimony to be given of the felonious asportation of property, in Sacramento County, when the indictment averred it to be stolen in Yuba County.

We admit that it is a leading principle in the law of larceny, that the possession of goods, stolen by the thief, is a larceny in every county into which he carries the goods; because the legal possession still remaining in the true owner, every moments continuance of the trespass and felony amounts, in lawful consideration, to a new caption and asportation. (10 Mass. (Rand's Ed.) 153; 7 Metcalf, 475; 21 Maine, 14–19; 17 Maine, 193; 2 Leigh, 708; Hittell's Digest, Article 1680.)

But while we admit the above established facts, we assert that the facts constituting the larceny in the county where the crime was originally committed, and the further

fact that the property was brought into the county where the indictment was found must be stated in the indictment. *People* v. *Campbell,* Oct. Term, 1870.)

In the case at bar defendant is charged with stealing certain property in Yuba County. As regards the charge the pleading is plain and direct. The proof shows that the larceny was committed in Sacramento County, and subsequently its fruits brought into Yuba County.

The allegata and probata must correspond. Here there are no averments in the indictment to meet the proofs.

Suppose defendant should be indicted in Sacramento County for this larceny? It will not be contended for a moment that the record of his conviction under the present indictment would be a bar to his conviction in Sacramento County.

The pleader should have stated all the facts constituting the charge.

All descriptive averments must be proved as laid. The pleader failed to set up the facts constituting the offence, and hence cannot prove anything more than what he averred in the indictment. (19 N. H. 135; 34 N. H. 529; 30 Miss. [1 George] 631; 1 Curtis, C. C. 362; 5 Missouri, 204.)

It is a general rule that the special matter of the whole fact should be set forth in the indictment with such certainty that the offence may judicially appear to the Court. (1 Wharton's Cr. L. Lech. 285, edition of 1863, and authorities cited; 3 Denio, 91; 8 Barbour, 547; 1 Humph. 167; *People* v. *Manby*; 3 Selden (N. Y. Court of Appeals, p. 295); *People* v. *Dogherty,* 7 Cal., 395–8; *People* v. *Miller,* 12 Cal., 291.)

The latest case we can find in our own reports is that of the *People* v. *Garcia,* 25 Cal. 531.)

*Jo Hamilton,* Attorney-General, for Respondent.

*First*—The record discloses the fact that the offence and person of the defendant were both within the jurisdiction of the County Court of Yuba County. That the County Judge of Yuba County presided at the finding and return of

the indictment, the arraignment and plea of the defendants, and the setting of the case for trial, on the 10th day of April, 1869; that the trial was then set for the 22d of April, 1869, at which time the record shows that George Keyser, County Judge of Sutter County, at the request of Judge Bliss, County Judge of Yuba County, commenced and continued to preside until the termination of the trial. That the defendant and his counsel from day to day were present in Court all the time, and assented to the action and presiding of Judge Keyser.

The defendant's consent then appears, so far as his consent can appear. (*People* v. *Hobson*, 17 Cal.; *People* v. *Henderson*, 28 Cal.)

And he is not permitted to say that he did not consent. (Id.)

Judge Keyser presided at the request of Judge Bliss.

If he did not do so, it devolves upon the defendant to show, affirmatively, the fact as touching the jurisdiction of the County Court, in which he was convicted.

Appellant relies on *People* v. *Hodges* (27 Cal. 340). That case is not in point as the Court in which Hodges was tried and convicted never had any jurisdiction either of the person or of the offence. The question of jurisdiction in that case could be raised at any time. We say further that presumptions, which always follow, that public officers do their duty, and that Courts act within their vested powers, applies in this case, and that the rule laid down, in *Carpentier* v. *Oakland* (30 Cal. page 439), applies, and that where we show that Judge Keyser presided with the consent of defendant and with the selection and designation of Judge Bliss, that this Court will not assume, that some one or more of the statutory reasons did not exist. It devolved upon the defendant to show affirmatively that fact.

*Second*—The continuance of the cause was a matter within the discretion of the Court below, and this Court would not interfere unless it should appear, that this discretion had been abused. (*Mosgrove* v. *Perkins*, 9 Cal. 211; *Pope* v. *Garnett*, 23 Cal. 156.)

The affidavit disclosed nothing which might not have been entirely consistent with defendant's guilt. He might have been at home at the time averred, and still have committed the offence charged. The time charged in the indictment was on or about a certain date. Time is not a necessary ingredient.

*Third*—There is nothing in the transcript or proof showing that a larceny had been committed in Sacramento County. Sec. 871, Sec. 92 of Criminal Pr. Act, provides for just the present case; see, also, reasoning of this Court in *People* v. *Cronise*, (34 Cal. 191.) During the oral argument the defendant's attorney raised the question of constitutional powers of the Legislature to pass the act of 1867–8. It will be observed while the Constitution provides for a County Judge for each county, and for the election of a qualified person for each county, the services of such Judge are not restricted by the Constitution.

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and CROCKETT, J., concurring:

The Court did not err in overruling the motion for a continuance, for the affidavit did not show that the facts which the defendant expected to prove by the absent witness, were material. It seems to have been drawn on the assumption that it had already been shown that the larceny was committed in Sacramento County, and at the time mentioned in the affidavit. The indictment charged the defendant with the commission of the larceny in Yuba County, and when the motion was made no evidence had been introduced.

The venue in the indictment is laid in Yuba County. The defendant objected to the admission of evidence to prove that the property was stolen in Sacramento County, on the ground that the indictment alleged that the larceny was committed in Yuba County. It is provided by the Criminal Prac. Act (Sec. 92), that when property feloniously taken in one county by larceny, etc., has been brought into another, the jurisdiction of the offence shall be in either

county. The statute does not prescribe the form of the indictment in such case, but the offence is considered as committed in each county into which the thief carries the property, and each removal of the property, is regarded as a new caption and asportation. It is accordingly held, that it is proper to charge the thief with the commission of the offence in the county into which he took the property. Some of the cases hold that it is not improper to charge him, also, in the same indictment, with the commission of the larceny in the county where the property was first stolen; but none of the cases brought to our notice held that it is necessary. (See 2 Arch. Crim. Pr. 355, and Notes; 2 Bish. Crim. Proceed., Sec. 687, and Notes.) In *Haskins* v. *People*, (16 N. Y.) Denio, Ch. J., said: "It is unnecessary, and I think it would have been erroneous, to have set out in the indictment the offense in Cayuga County. The Courts of Onondaga County had no jurisdiction of that transaction as a distinct offence. It was simply a matter of evidence, to characterize what was done in Onondaga, and to show the quality of the act." The venue was properly laid in Yuba County. It was unnecessary to state in the indictment the facts showing the commission of the larceny in Sacramento County. We are also of the opinion that it was proper for the prosecution to prove that the property was stolen in Sacramento County, before it was taken into Yuba County.

The defendant takes the objection, that the County Judge of Sutter County had no authority to preside at the trial of the cause, in the place of the County Judge of Yuba County. The objection is based on the language of Section 7, of Article VI, of the Constitution, that "there shall be in each of the organized counties of the State a County Court, for each of which a County Judge shall be elected by the qualified electors of the county," etc; and on the further ground that if County Judges, in the exercise of their judicial functions, are not limited by the Constitution to their respective counties, but that they may be empowered to "hold terms, or portion of terms" in other coun-

ties, as provided by Act of March 13, 1868 (Stats. 1867–8, p. 145), the County Judge, in this case, was not designated in the manner provided by that Act.

As regards the restriction of the power of a County Judge to act in the place of the Judge of another county, the words of Section 7, of Article VI, of the Constitution, have the same import as the words of Section 5, relating to the District Judges. It is therein provided that "in each of which [districts] there shall be a District Court, and for each of which, a District Judge shall be elected by the qualified electors of the district." Although the District Judges are required to be elected for their respective districts, it will not be questioned, that a District Judge may be authorized by law to hold a Court in any Judicial District of the State. It is equally clear, that a statute authorizing a County Judge to hold Court for the County Judge of another county, is not repugnant to the provisions of the Constitution.

To the point, that the County Judge of Sutter County was not duly designated, according to the provisions of the Act, to hold the Court for the County Judge of Yuba County, there are several answers. He was requested by the County Judge of Yuba County to hold the Court for the trial of this action. The record does not show for what cause he was thus requested to hold the Court, but it will be presumed that one of the causes mentioned in the statute existed; and as the record shows no objections by either party during the trial to his exercising jurisdiction in the cause, it will be presumed that they consented that he should be requested by the County Judge of Yuba County to hold the Court. These presumptions, in the absence of evidence showing that the facts were otherwise, will be indulged in support of the regularity of the proceedings in the cause. The request of the County Judge of Yuba County that he (the County Judge of Sutter County), should hold the Court for the trial of the cause, give him color of authority in that behalf, and he having held the Court for that purpose, his authority cannot be inquired

into collaterally. (See *People* v. *Sassovich*, 29 Cal. 485, and cases there cited.)

Should it be conceded that he acted in the case without authority, then there would be no exceptions in the record which would be entitled to notice; for he would be equally destitute of authority to settle and authenticate the bill of exceptions.

Judgment affirmed.