State v. Brown.

---

## THE STATE OF NEVADA, Respondent, v. ANDREW S. BROWN, Appellant.

LARCENY OF CATTLE STOLEN IN ONE COUNTY AND DRIVEN TO ANOTHER—VENUE. A person charged with larceny of cattle may be indicted and tried for the offense in any county through which he drove them, as well as in the county where they were stolen or into which they were driven.

ASPORTATION OF STOLEN GOODS INTO ANOTHER COUNTY AN OFFENSE THEREIN. A person stealing goods in one county and carrying them into other counties is considered guilty of the crime and may be indicted and convicted in any of such counties; because every act of the thief in the removal of the property and keeping it from the possession of the owner is, in contemplation of law, an offense.

INDICTMENT FOR LARCENY OF PROPERTY BROUGHT FROM ANOTHER COUNTY. If property feloniously taken in one county be removed by the thief into another, the jurisdiction of the offense may, under section 90 of the Criminal Practice Act, be in either; but an indictment in the latter county must allege the offense to have been committed in such county or that the bringing of the property into such county was felonious; and if it do not, it will not be sufficient.

State v. Brown.

APPEAL from the District ,Court of the Eighth Judicial District, White Pine County.

The defendant, having been convicted in the court below of the crime of grand larceny and his motion for a new trial having been overruled, was sentenced to imprisonment in the State prison for the term of three years.

In its opinion overruling the motion for new trial, the court below referred to the question of jurisdiction as follows: "The second error assigned was that the court erred in denying defendant's motion for a discharge on the ground that the testimony showed that the cattle were stolen in Elko and found in Nye and consequently the court had no jurisdiction. The court in the first place had no right to discharge the prisoner.· The most it could have done was to direct the jury to acquit him; and that direction they might have disregarded. But the court had jurisdiction. It had jurisdiction if the cattle were stolen in Elko and brought into White Pine. The testimony showed that they were driven through White Pine and into Nye. They were none the less brought into White Pine because they went out again. The moment they were brought into this county the jurisdiction attached, and driving them out again did not defeat it."

*J. J. Maxwell*, for Appellant.

Either Elko County or Nye County had jurisdiction to the exclusion of all others. At common law the place where the thing was taken or theft committed had exclusive jurisdiction. It required the culprit to be brought back with his plunder, and not that the outraged citizen should follow him with his train of witnesses to obtain redress. Our legislature extended the jurisdiction so as to include the county where the property and thief are *apprehended*, but not to counties through which they pass only. Suppose the subject of the theft be coin or a check, and the thief traverse the State with it, what reason could prompt our legislature

in giving jurisdiction to any intermediate county through which he might pass ?

*Robt. M. Clarke*, also for Appellant.

The indictment is fatally defective. It does not charge a crime committed within the jurisdiction of the court. It should have charged a felonious taking, etc., in White Pine County. 1 Chitty's C. L. 178, 179; 2 Russ. on Crimes, 116, 117, 118.

*John R. Kittrell*, District Attorney, and *F. W. Cole*, for Respondent.

The rule of the common law in reference to jurisdiction has been changed by our statute, and the meaning of the statute has been settled by the case of *People* v. *Robles*, 29 Cal. 421. The California supreme court in that case construe the statute, of which ours is a copy, and hold "that when property has been feloniously taken in one county and brought into another, jurisdiction of the offense shall be in either county.

By the Court, HAWLEY, J. :

Appellant was jointly indicted with one James Parker by the grand jury of White Pine County for the crime of grand larceny. The indictment alleges " That the said Andrew S. Brown, * * on or about the third day of October, * * (1872,) at the County of Elko, State of Nevada, eleven head of cattle, * * * the personal property of Norman Wines, * * then and there being found, feloniously did steal, take and drive away. And the said defendants, Andrew S. Brown, * * being so in possession of the said eleven head of cattle, as aforesaid, did, on or about the seventh day of October, * * (1872), bring each and every of said eleven head of cattle * * * into the said County of White Pine, State of Nevada, * * *."

Appellant was found guilty as charged in the indictment. There are only two errors assigned in the bill of exceptions:

State v. Brown.

first, that the court erred in refusing defendant's motion for a continuance; second, that the court erred in refusing to dismiss the cause for want of jurisdiction. · From the views we entertain of this case it is unnecessary to examine or pass upon the ruling of the court refusing a continuance.

The position contended for by counsel in support of the second assignment of error, that the court had no jurisdiction of the offense because the cattle were driven *through* White Pine County *into* Nye, is without merit or pretense of authority. The law is too well settled to require any argument or citation of authorities that defendant under the testimony could have been properly indicted and tried in either of the Counties of Elko, White Pine, or Nye.

Upon the argument in this court, counsel for appellant claims that the indictment is fatally defective in this, that it does not allege the commission of any offense within White Pine County. The Criminal Practice Act provides that " when property feloniously taken in one county by * * * larceny has been brought into another county, the jurisdiction of the offense shall be in either county." Stats. 1861, 444, Sec. 90. At common law a defendant charged with larceny could be indicted and tried in any county into which he took the property. This was upon the principle laid down in all the text-books, " that the possession of goods stolen by the thief is a larceny in every county *into* which he carries the goods, because the legal possession still remaining in the true owner, every moment's continuance of the trespass and felony amounts in legal consideration to a new caption and asportation." 1 Chitty's Cr. L. 179; 2 Russ. Cr. 116, 117, 118; 1 Bishop's Cr. Procedure, Secs. 75, 76; 3 Greenl. Ev. Sec. 152. The statute has not changed this rule. This question has been repeatedly decided under statutory provisions, as well as by the rule of the common law; and the courts have uniformly held that a person stealing goods in one county and carrying them into other counties is considered as guilty of the crime and may be indicted and convicted in either county; because every act of the thief in the removal of the

property and keeping it from the possession of the owner is, in contemplation of law, an offense. *Haskins* v *People,* 16 N. Y. 348; *The People* v. *Smith,* 4 Parker, Cr. R. 255; *State* v. *Douglas,* 17 Me. 195; *Commonwealth* v. *Cousins,* 2 Leigh, 708; *State* v. *Somerville,* 21 Me. 19; *State* v. *Underwood,* 49 Me. 185; *Morrissey* v. *People,* 11 Mich. 329; *State* v. *Seay,* 3 Stewart (Ala.) 130; *Aaroon et al.* v. *State,* 39 Ala. 689; *People* v. *Mellen,* 40 Cal, 654. This principle being so well established, it follows that the offense should have been alleged in the indictment to have been committed in the county where the indictment was found.

In *Haskins* v. *People,* the goods were stolen in Cayuga County and brought into Onondaga County. The indictment alleged the offense to be in Onondaga County and the defendant objected to the indictment for that reason. Denio, C. J., held the indictment to be sufficient, and in deciding the question said: "It was unnecessary, and I think it would have been erroneous, to have set out in the indictment the offense in Cayuga County. The courts in Onondaga County had no jurisdiction of that transaction, as a distinct offense. It was simply matter of evidence, to characterize what was done in Onondaga, and to show the quality of that act. * * * * In the case of an indictment for a simple larceny, found in a county into which the thief has carried the property stolen in another county, *the law adjudges that the offense was in truth committed there,* and hence there is no occasion for a statement in the pleading of what occurred in the other county. "

In *Morrissey* v. *People* it was held that the indictment "must state the crime for which the prisoner is tried, but it need not and should not state the evidence by which it is to be proved. " In *People* v. *Mellen,* cattle were stolen by defendant in the County of Sacramento, and were afterwards driven to the County of Yuba, where they were found in the possession of defendant. The indictment alleged the offense to have been committed in Yuba County. Rhodes, C. J., in delivering the opinion of the court said: " The statute does not prescribe the form of the indictment * * but the

offense is considered as committed in each county into which the thief carries the property  *  *.  It is accordingly held, that it is proper to charge the thief with the commission of the offense in the county into which he took the property. Some of the cases hold that it is not improper to charge him, also, in the same indictment, with the commission of the larceny in the county where the property was first stolen; but none of the cases brought to our notice hold that it is necessary."

In the case at bar the indictment should have been drawn locating the venue in White Pine County.  For aught that appears in the indictment, the asportation in Elko County may have been such as to render the defendant liable to a conviction for larceny there and still the possession in White Pine be lawful, or the owner of the stolen property before it was brought within the limits of White Pine County may have made a transfer of his right to the prisoner or consented that he should take it into White Pine.  If proper to have set forth the offense in Elko County the indictment would still be fatally defective in not stating that the act of defendant in bringing the cattle into White Pine County was felonious.

The indictment fails to charge that any offense was committed within the county where it was found.  The judgment must be reversed; and as the indictment is radically defective, the court below will submit this case to another grand jury.

It is so ordered.