[No. 20342. In Bank. — November 7, 1887.]

THE PEOPLE, RESPONDENT, *v.* JAMES SCOTT, APPELLANT.

CRIMINAL LAW — BURGLARY — EVIDENCE OF OFFENSE COMMITTED IN ANOTHER COUNTY. — In a prosecution for burglary under an indictment or information charging the offense to have been committed in a particular county, evidence is inadmissible of an offense committed in another county.

ID. — PROPERTY BROUGHT INTO ANOTHER COUNTY — INDICTMENT. — Under section 786 of the Penal Code, where a burglary is committed in one county, and the property taken is brought into another county, the superior court of the latter county has jurisdiction of the offense. In such a case, the indictment or information should charge the facts as they exist.

APPEAL from a judgment of the Superior Court of San Bernardino County, from a motion in arrest of judgment, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. W. Blair*, and *H. H. Baker*, for Appellant.

*Attorney-General Johnson*, and *Andrew B. Paris*, for Respondent.

Searls, C. J.—The defendant was accused by information, in the county of San Bernardino, of the crime of burglary, alleged to have been committed in said county. He interposed a plea of not guilty. Upon the trial there was evidence tending to prove the defendant guilty of a burglary committed at Indio, in the county of San Diego, and that the property (a coat and pistol), feloniously taken from a house burglariously entered, was taken by defendant to the county of San Bernardino, where he was arrested, informed against, tried, and convicted.

At the trial, objections were made by defendant to testimony under the information, going to show a burglary committed in the county of San Diego, which objections were overruled by the court and exceptions taken. These rulings are assigned as error.

A motion in arrest of judgment and for a new trial in behalf of defendant was overruled.

Section 786 of the Penal Code provides as follows:—

" When property taken in one county, by burglary, robbery, larceny, or embezzlement, has been brought into another, the jurisdiction of the offense is in either county," etc.

No question is made that the defendant might have been proceeded against in either county.

The real question, however, is one of pleading; under an indictment or information charging a burglary to have been committed in the county of San Bernardino, could evidence be received of an offense committed in the county of San Diego?

In other words, should the information in the case as stated have charged, according to the facts, that the burlary was committed in the county of San Diego, and that the property was brought into the county of San Bernardino?

At common law, crimes were considered as altogether local, cognizable and punishable exclusively in the juris-

diction where committed. (Story on Conflict of Laws, sec. 620, and cases cited.)

It was said in *Warrender* v. *Warrender*, 9 Bligh, 119: "The *lex loci* must needs govern all criminal jurisdiction, from the nature of the thing and the purposes of that jurisdiction."

At common law, it was held that a person indicted in England for robbing a house in Guernsey, and bringing the property to England, could not be convicted either of larceny or of receiving. (*Regina* v. *Debruiel*, 11 Cox C. C. 207.)

In many of the United States it is provided by statutes, and in some where no such statutes exist it has been held, that where property has been feloniously taken in one state, and brought into another, the thief may be punished in the latter.

These considerations go to the jurisdiction of the court, and not to the form of charging the facts constituting the offense, and are referred to only for the purpose of showing that, except as provided by statute, crime is regarded as local. This court has repeatedly held that in cases of larceny, where property has been stolen in one county and taken into another, it is proper to charge the thief with having committed the offense in the latter county; and where the venue is laid in that county, the facts showing the property to have been taken in the other county need not he averred, but evidence showing that the property was so taken may be admitted. (*People* v. *Mellon*, 40 Cal. 654; *People* v. *Murphy*, 51 Cal. 376; 54 Am. Rep. 661.)

These cases are in accord with many which might be cited from other states, in which it is held that, inasmuch as the owner has not parted with his property or right to possession of the thing stolen, the thief who takes it into another county is to be deemed in law to have taken it in such last-mentioned county, and when he is charged

with the felony in such last county, the facts stated warrant the legal conclusion.

This reasoning and the cases cited would be conclusive in favor of the sufficiency of the information here, were it for larceny, but it is not larceny, but burglary, with which the defendant is charged.

It is true, the court of San Bernardino may try a defendant for a burglary committed in San Diego, provided the fruits of the crime have been brought into the former county; yet it cannot be said, in fact or in contemplation of law, that the offense of burglary, essentially a local crime, and which consists in entering a house, room, etc., with intent to commit larceny, was committed in any other county than that in which the house, room, etc., are situated. We think the reasoning of Denio, C. J., in *People* v. *Haskin*, 16 N. Y. 344, and the distinction there made, indicates the true rule. It is as follows:—

"The difference between the two cases is this: burglaries may be tried out of their proper counties in certain special cases, that is, where the goods burglariously taken are carried into another county by the offenders; but this is by positive law, and not because the burglary was actually committed in the county where the indictment is found, or in judgment of law is considered to have been committed there. The fact must therefore be set out which brings the case within the statute; but in the case of an indictment for a simple larceny found in a county into which the thief has carried the property stolen in another county, the law adjudges that the offense was in truth committed there, and hence there is no occasion for a statement in the pleading of what occurred in the other county."

We are of opinion that the information in this case should have charged the facts as they existed, viz., that the burglary was committed in the county of San Diego, and that the property taken was carried into the county

of San Bernardino, and that having failed to do so, the proffered evidence was inadmissible.

The judgment should have been arrested, whereupon the court was authorized, if it deemed proper, to recommit the defendant or admit him to bail to answer a new information or indictment, as provided by sections 1187 and 1188 of the Penal Code.

The judgment and orders appealed from are reversed, and the cause remanded for further proceedings.

Temple, J., Paterson, J., McKinstry, J., Sharpstein, J., and Thornton, J., concurred.