[No. 20796. In Bank. — September 3, 1891.]

THE PEOPLE, Respondent, v. M. N. STAPLES, Appellant.

Criminal Law — Complaint — Deposition — Warrant of Arrest. — Where the complaint against a defendant, charged with a crime, is positive and direct in its allegation of every fact necessary to support the charge laid, it is a sufficient deposition, within the meaning of sections 811, 812, and 813 of the Penal Code, to sustain a warrant of arrest issued thereon.

Id. — Commitment — Irregularity in Warrant of Arrest — Motion to Set Aside Information. — Where a prisoner charged with felony has been examined, and evidence adduced sufficient to justify the magistrate

in holding him to answer the charge, the commitment under which he is thereafter held is sufficient of itself to authorize the filing of an information, and an irregularity or want of jurisdiction in the warrant of arrest becomes immaterial, and cannot be made ground of a motion to set aside the information.

ID. — REGULARITY OF INFORMATION — VARIANCE BETWEEN COMMITMENT AND COMPLAINT. — The regularity of an information does not depend upon the complaint, but upon the commitment; and even if the offense charged in the information is totally different from that laid in the complaint, that fact does not affect the sufficiency of the information.

ID. — DUTY OF MAGISTRATE — DISTRICT ATTORNEY. — It is the duty of the magistrate to hold the defendant to answer for the offense proved, whatever may have been the offense charged; and it is the duty of the district attorney, in drawing the information, to charge the offense according to the facts disclosed in the depositions, ignoring to that extent the form of the commitment.

ID. — LARCENY — LOCUS DELICTI — BRINGING IN STOLEN GOODS — IDENTITY OF OFFENSE. — A complaint charging that a larceny was committed in San Bernardino County, in this state, and that the stolen goods were brought into Los Angeles County, and an information for the same offense charging that the larceny was committed in Arizona Territory, and that the stolen goods were brought into Los Angeles County, each charges, in effect, a larceny in Los Angeles County, without substantial difference in the offense charged.

ID. — VENUE — LARCENY COMMITTED IN TWO JURISDICTIONS. — Where goods are stolen in one jurisdiction and carried into another, in legal contemplation the crime of larceny is committed in both jurisdictions, and may be punished in either; and where stolen property is brought into this state from another state or territory, jurisdiction over the offense is conferred by the Penal Code upon any county of this state into or through which the stolen property has been brought.

ID. — VARIANCE IN PLACE OF LARCENY — INSTRUCTION. — Where the larceny was committed upon a moving train about the time it crossed the boundary line between this state and Arizona, and the evidence leaves it doubtful whether the theft occurred in Arizona or in a county of this state other than that in which the information is filed, and into which the stolen goods were brought, the refusal of the court to instruct the jury that they must acquit the defendant unless they were satisfied that the larceny was committed in Arizona, where it was alleged in the information to have been committed, is not error. The precise spot at which the criminal act was initiated is a mere circumstance of the offense, properly enough stated in the information, but not essential to be proven as laid.

ID. — LAWS REGULATING LARCENY INITIATED OUT OF STATE. — Where a defendant is charged with larceny in bringing into this state goods stolen out of its jurisdiction, the laws of this state control as to what constitutes the larceny and its degree, and the fact that the complaint and information alleged the committing of the crime in another state or territory does not render it necessary to prove how the laws of such state or territory define the offense.

ID. — GRAND LARCENY — VALUE OF PROPERTY STOLEN — CONFLICTING EVIDENCE — VERDICT. — Where the evidence is conflicting as to whether the

value of the property stolen was sufficient to constitute the crime of grand larceny, the verdict of the jury on that point is conclusive.

ID. — APPEAL — TIME FOR DECISION — DIRECTORY STATUTE. — Section 1252 of the Penal Code, providing for the decision of an appeal in a criminal case within sixty days after the filing of the transcript, is merely directory, and the judgment will not be reversed and the prisoner discharged because of a failure of the appellate court to decide the appeal within sixty days after the filing of the transcript.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial; and a motion to reverse the judgment and discharge the prisoner from custody.

The facts are stated in the opinion of the court.

*Hugh J. & William Crawford*, for Appellant.

*Attorney-General Hart*, for Respondent.

BEATTY, C. J. — The defendant was convicted in the superior court of Los Angeles County of the crime of grand larceny, and appeals from the judgment and from an order denying a new trial.

His first assignment of error is upon the order of the superior court overruling his motion to set aside the information. One ground of the motion was, that the magistrate before whom his examination was had issued his warrant of arrest without having taken any depositions of witnesses in support of the charge laid in the complaint, thus violating — as he claims — the provisions of sections 811, 812, and 813 of the Penal Code. In support of this point he cites and relies on the case of *Ex parte Dimmig*, 74 Cal. 164. But that case lends no support to his contention, for two reasons. In the first place, the complaint in this case, unlike the complaint against Dimmig, is positive and direct in its allegation of every fact necessary to support the charge laid, and is therefore in itself a sufficient deposition within the doctrine of the Dimmig case. In the second place, the want of jurisdiction to order an arrest becomes immaterial when the warrant of arrest is *functus officio*. In Dimmig's case the objection was raised while the warrant was the

only authority for holding him, and the warrant being held invalid, he was necessarily discharged. But when a prisoner has been examined, and evidence adduced sufficient to justify the magistrate in holding him to answer on a charge of felony, the infirmity in the warrant of arrest, if any there be, ceases to be of any consequence, since he is thereafter held under the commitment, which of itself authorizes the filing of an information. The regularity of the information does not depend on the complaint, but upon the order holding the defendant to answer. (*People* v. *Velarde*, 59 Cal. 458; *People* v. *Wheeler*, 65 Cal. 77.) This view also disposes of the second ground of the motion, viz., that the complaint alleged the larceny to have been committed in San Bernardino County, and the stolen goods to have been brought into Los Angeles County, whereas the information charges a larceny in Arizona Territory, and a subsequent bringing of the stolen goods into Los Angeles County.

Even if the offense charged in the information was, as claimed, totally different from that laid in the complaint, it would not affect the sufficiency of the information, since, as we have seen, the information does not depend on the complaint, but upon the commitment, and it does not appear that the order of commitment differed in any respect from the information. It is not claimed, and it cannot be, that the commitment must follow the complaint, for the statute and the decisions of this court are directly to the contrary. It is the duty of the magistrate to hold the defendant to answer for the offense proved, whatever may have been the offense charged. (Pen. Code, sec. 872; *People* v. *Wheeler*, 73 Cal. 255.) Therefore, if the evidence showed that the goods were stolen in Arizona Territory, it was the duty of the magistrate to hold him for that offense, if it was in fact or law a different offense from that charged, and if he failed to do so, it was nevertheless the duty of the district attorney, in drawing the information, to charge the offense according to the facts disclosed by the depositions, ignoring to that extent the form of the commitment. (*People* v. *Vierra*, 67 Cal. 231;

*People* v. *Lee Ah Chuck*, 66 Cal. 662.)    But in truth there is no substantial difference between the charge laid in the original complaint and that set out in the information. Each charges, in effect, a larceny in Los Angeles County. When goods are stolen in one jurisdiction and carried into another, in legal contemplation the crime of larceny is committed in both jurisdictions, and may be punished in either.    Our statute on that point (Pen. Code, secs. 497, 786, 789) merely re-enacts the law as it was before. (*People* v. *Mellon*, 40 Cal. 654; *State* v. *Brown*, 8 Nev. 212.) Or perhaps it is more correct to say that our statute has adopted one of the two views upon which the courts of other states have divided in deciding upon the common-law rule.    It follows that in both the complaint and information the defendant was charged with an offense committed in Los Angeles County.    The place where the goods were alleged to have been stolen — San Bernardino or Arizona — was a mere circumstance, and a wholly immaterial one, of the offense.

The superior court did not err in refusing to set aside the information.

Nor did the superior court err in overruling the demurrer to the information.    If we understand the position of appellant's counsel with reference to the demurrer, it is, that the information does not charge an offense within the jurisdiction of the superior court of Los Angeles County, although no such objection is stated in the demurrer.

The information charges in plain, direct, and unequivocal terms that the defendant did, in the territory of Arizona, unlawfully, willfully, and feloniously, take, steal, and carry away from the possession of one Margaret McGregor, a watch and chain of the value of seventy-five dollars, then and there being the personal property of said Margaret McGregor, and that after having so unlawfully taken and stolen said watch and chain, he did bring the same into the county of Los Angeles.

This states the exact offense defined in section 497 of the Penal Code, the jurisdiction of which is, by section

789, conferred upon any county of the state into or through which the stolen property has been brought.

Several instructions asked by the defendant were refused by the court. The only question worthy of consideration raised by the assignments of error upon these rulings is this: Was it essential to prove that the original larceny was committed in Arizona, as alleged in the information?

The defendant was porter on a sleeping-car upon which the owner of the stolen property — Mrs. McGregor — was traveling as a passenger from Chicago to this state. The watch and chain were stolen from her berth just about the time the train crossed the Colorado River from Arizona to San Bernardino County, in this state. The evidence left it somewhat doubtful upon which side of the boundary the theft occurred, and the defendant asked the court to instruct the jury that they must acquit unless they were satisfied that the larceny was committed in Arizona. These requests to charge were refused, and the question is, whether such refusal was error. We do not think it was. Whether the original larceny was committed in Arizona, or across the line, in San Bernardino, the taking of the stolen property into Los Angeles County was equally criminal; and not only was it equally criminal, it was the same offense, punishable in the same manner, to the same extent, in the same jurisdiction, under the same law. The precise spot at which the criminal act was initiated was a mere circumstance of the offense, properly enough stated in the information, but not essential to be proven as stated. If the information had charged a larceny in Los Angeles County, proof of an original taking in San Bernardino or in Arizona would have been admissible. The only real question is, whether evidence of a larceny on the west bank of a river is such a substantial variance from the charge that it was committed on the east bank as to be inadmissible. Under the circumstances of this case, where the theft occurred on a moving train in the act of crossing the river, we do not think the variance was material.

As to the other instructions refused, it is sufficient to say of them, generally, that so far as they were correct, they were given in better form in the charge of the court and in other instructions asked by the defendant and allowed.

It is contended that the evidence does not sustain the verdict, because,— 1. There was no evidence as to the laws of Arizona defining larceny; and 2. Because the evidence clearly showed that the stolen goods were worth less than fifty dollars. As to the first objection, we say that the laws of Arizona have no bearing upon the question whether our laws have been violated. We do not assume to punish offenses against the laws of other states and territories; when we undertake to punish as larceny the bringing into this state goods that have been stolen in another state or country, we mean goods that have been stolen according to our definition of larceny, for which we look to our own laws exclusively, and not the laws of other countries. As to the second objection, it is sufficient to say that there was some evidence that the watch and chain were worth more than fifty dollars, and therefore the verdict of the jury on that point is conclusive.

There is no error in the record, and the judgment and order appealed from must be affirmed, unless a motion now made by the defendant to reverse the judgment and discharge him from custody must be granted on the ground that his appeal has not been decided within sixty days after the filing of the transcript here, as required by section 1252 of the Penal Code. But no such consequence is annexed to a failure to comply with that provision, in which respect it differs from section 1382, which is mandatory in its requirement that a criminal prosecution must be dismissed, unless good cause to the contrary is shown, when the defendant is not brought to trial in the superior court within sixty days after the filing of an indictment or information. It is to be noted, also, that the latter section prescribes the means, and the only means, of enforcing the constitutional right of the accused to a speedy and public trial. (Const., art.

1, sec. 13; *People* v. *Morino*, 85 Cal. 515.) We do not, however, rest our denial of this motion upon any distinction between a constitutional and statutory right, — between the right to a speedy trial and a speedy determination of an appeal, — but solely upon the ground that one provision is merely directory and the other mandatory in substance and in terms.

Motion to reverse denied, and judgment and order affirmed.

SHARPSTEIN, J., PATERSON, J., DE HAVEN, J., HARRISON, J., GAROUTTE, J., and McFARLAND, J., concurred.