[No. 21140. In Bank.—April 2, 1895.]

THE PEOPLE, RESPONDENT, *v.* MARTIN JOCHINSKY, APPELLANT ET AL., DEFENDANTS.

CRIMINAL LAW—BURGLARY—LARCENY— INFORMATION—DEMURRER—JOINDER OF OFFENSES—CARRYING STOLEN GOODS INTO COUNTY OF JURISDICTION.—Although an indictment or information must not charge more than one offense, and the defendant may demur to the indictment or information when it appears upon the face thereof that more than one offense is charged, yet an indictment or information charging the offense of burglary with intent to commit larceny, and further charging that in the commission of the burglary the defendants stole, took, and carried away, as proceeds of the burglary, personal property of the value of four hundred and eighty-nine dollars, which they brought, carried, and removed into the city and county where the information was filed, is not subject to demurrer for charging more than one offense, but merely states facts showing the jurisdiction of the offense of burglary.

ID.—JURISDICTION OF BURGLARY—PLEADING.— Ordinarily the offense of burglary can be tried only in the county in which it is committed, but, under section 786 of the Penal Code, it can be tried in any county into which the property burglariously taken has been brought; but, in order to give the court in the latter county jurisdiction of the offense, the facts showing that a burglary was committed, and that property was

burglariously taken and carried into that county must be set out, and an information merely complying with this rule to show jurisdiction of the offense is not subject to a demurrer for charging more than one offense.

ID.—FORM OF VERDICT.—Where the information charged that burglary was committed in another county, and that the goods burglariously taken were brought into the county in which the information was filed, a general verdict imports a conviction of the offense charged, and it is not necessary that the verdict should specify the county in which the offense was committed, nor that the goods were taken into the county where the information was filed.

ID.—EFFECT OF GENERAL VERDICT.— A general verdict of guilty implies proof of all facts necessary to a conviction.

ID.—SURPLUSAGE IN VERDICT.—Surplusage in a general verdict of guilty is not prejudicial to the defendant, and is not ground for a reversal of the judgment of conviction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Robert Ferral,* for Appellant.

*Attorney General William H. H. Hart, District Attorney W. S. Barnes,* and *Assistant District Attorney J. A. Hosmer,* for Respondent.

BELCHER, C.—The information in this case was filed in the superior court of the city and county of San Francisco, on the 15th of November, 1893.

It charges that in March, 1893, the defendant and one Alexander Schenkovsky did feloniously and burglariously enter the store of one Morris Prince, known as the IXL dry goods store, in the city of Santa Rosa, county of Sonoma, state of California, with the felonious intent then and there and therein to commit larceny. It further charges that in the commission of the burglary the parties accused did then and there willfully, unlawfully, and feloniously steal, take, and carry away, as proceeds of said burglary, fifteen suits of men's clothing, of the value of fifteen dollars per suit, and certain other described articles of clothing, all of the aggregate

value of four hundred and thirty-four dollars, lawful money of the United States, and the personal property of the said Morris Prince; and that thereafter, in October, 1893, they brought, carried, and removed the said personal property into the city and county of San Francisco.

The defendant demurred to the information, upon the ground that it "charges more than one offense, to wit, burglary and grand larceny." The demurrer was overruled and the defendant then pleaded not guilty.

The case was tried and the verdict was: "We, the jury, find the defendant guilty of burglary in the first degree, and we further find that the goods taken from Prince's store on the night of the 13th and 14th of April, 1893, were brought from Sonoma county into the city and county of San Francisco, state of California, by the defendant."

A motion for new trial was subsequently made and denied, and thereupon judgment was entered that the defendant be punished by imprisonment in the state prison at San Quentin for the term of ten years. From this judgment and the order denying his motion for a new trial the defendant appeals.

1. The first point made for a reversal is that the demurrer to the information should have been sustained; and in support of this point sections 954 and 1004 of the Penal Code are cited and relied upon.

These sections provide that the indictment or information must charge but one offense, and that the defendant may demur to the indictment or information when it appears upon the face thereof that more than one offense is charged.

But section 786 of the same code also provides that "When property taken in one county by burglary, robbery, larceny, or embezzlement has been brought into another the jurisdiction of the offense is in either county," etc.

Ordinarily, of course, the offense of burglary can be tried only in the county in which it is committed, but under

the last-named section it can be tried in any county into which the property burglariously taken has been brought. To give the court in the latter county, however, jurisdiction of the offense the facts showing that a burglary was committed and that property was burglariously taken and carried to the said county must be set out.

It was so held in *People* v. *Scott*, 74 Cal. 94, where the court quoted, as indicating the true rule in such cases, the following language used in deciding the case of *Haskins* v. *People*, 16 N. Y. 344: "The difference between the two cases is this: burglaries may be tried out of their proper counties in certain special cases, that is, where the goods burglariously taken are carried into another county by the offenders; but this is by positive law, and not because the burglary was actually committed in the county where the indictment is found, or in judgment of law is considered to have been committed there. The fact must, therefore, be set out which brings the case within the statute; but, in the case of an indictment for a simple larceny found in a county into which the thief has carried the property stolen in another county, the law adjudges that the offense was in truth committed there, and hence there is no occasion for a statement in the pleading of what occurred in the other county."

The information complained of here simply complied with the rule thus indicated, and hence the demurrer to it was properly overruled.

2. It is contended that the verdict was not justified by the evidence, because there was no sufficient evidence to prove that the burglary in the county of Sonoma was committed by the defendant, or that the property taken was carried by him into the city and county of San Francisco.

The evidence to establish the defendant's guilt was circumstantial, and it would subserve no useful purpose to set out the circumstances in detail. It was proved, however, that during the night of April 13th and 14th,

1893, the store of Morris Prince in Santa Rosa was burglariously entered, and goods, consisting of various kinds of clothing, of about the value of two thousand dollars, were stolen therefrom. It was also proved that in the evening before the burglary was committed the defendant was seen in Santa Rosa looking into the said store, and on being noticed he walked rapidly away. It was further proved that some of the stolen goods were sold in San Francisco by the defendant and his associate, who represented themselves to be Chicago merchants, and that they had brought the goods from Chicago, and that other portions of the goods were found in trunks and closets in a room occupied by defendant in San Francisco.

Looking at all the testimony we think it must be held sufficient to warrant the jury in finding that the burglary was committed by the defendant, and that the property taken had been brought by him into the city and county of San Francisco.

3. The last point made is as to the form of the verdict. It is objected that the verdict is both general and special, and that it is faulty, because it does not specify where the burglary was committed.

Burglary is divided into two degrees (Pen. Code, sec. 460), and it was necessary, therefore, for the jury to find, as it did, the degree of the crime of which the defendant was guilty.

The information charged that the burglary was committed in the county of Sonoma, and the general verdict imported a conviction of the offense charged. It was not necessary that the verdict specify the county in which the offense was committed. Neither was it necessary for the verdict to specify that the goods were taken by defendant into the county of San Francisco, although, of course, there must have been proof of that fact; a general verdict of guilty implies proof of all facts necessary to a conviction. But the latter part of the verdict was mere surplusage, and results in no prejudice to appellant.

We find no prejudicial error in the record.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

> HARRISON, J., VAN FLEET, J.,
> McFARLAND, J., GAROUTTE, J.