[Crim. No. 773.    Department One. — October 25, 1901.]

THE PEOPLE, Respondent, v. WILLIAM H. PRATHER, Appellant, and CHARLES DAVIS, Co-defendant.

CRIMINAL LAW — GRAND LARCENY — TAKING STOLEN GOODS INTO ANOTHER COUNTY — VENUE — JURISDICTION OF OFFENSE — INFORMATION. — Under section 786 of the Penal Code, providing that "when property taken in one county by burglary, robbery, larceny, or embezzlement, has been brought into another, the jurisdiction of the offense is in either county," an information for grand larceny, charging that the property described was stolen by the defendant in another county, and that the property so stolen was brought by the defendant into the county of the venue, shows jurisdiction of the original offense in the latter county. Such information need not allege that any larceny was committed in the county of the venue, nor that the taking of the goods into that county was felonious.

APPEAL from a judgment of the Superior Court of Sacramento County. E. C. Hart, Judge.

The facts are stated in the opinion of the court.

J. Charles Jones, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GAROUTTE, J. — William H. Prather has been convicted of the crime of grand larceny, and appeals from the judgment rendered against him. The attention of the court will be directed first to a consideration of the sufficiency of the information.

Section 786 of the Penal Code provides: "When property taken in one county by burglary, robbery, larceny, or embezzlement, has been brought into another, the jurisdiction of the offense is in either county." The present prosecution is based upon the provisions of the aforesaid section of the code, the subject-matter of the larceny being forty-eight sacks of buckwheat, charged to have been stolen in the county of Yolo by defendants, and thereafter brought by them into the county of Sacramento. That portion of the information to which our attention will be directed is as follows: "The said William H. Prather and Charles Davis, on the —— day of March, A. D.

1900, at the said county of Sacramento, in the said state of California, and before the filing of this information, did then and there willfully, unlawfully, and feloniously steal, take, and carry away from A. D. Miller and Adolph Jean, in the county of Yolo, in the state of California, forty-eight sacks of buckwheat, then and there the personal property of the said A. D. Miller and Adolph Jean, and said personal property being then and there of the value of one hundred dollars, in lawful money of the United States of America; that after such unlawful and felonious stealing, taking, and carrying away as aforesaid, the said defendants did then and there bring said personal property, so taken, stolen, and carried away as aforesaid, into the said county of Sacramento, in the state of California." In the first part of this information, it is charged that the defendants, at the county of Sacramento, did take, steal, and carry away from Miller and Jean, in the county of Yolo, this buckwheat. We are at a loss to see how it could be done. It would seem to be a physical impossibility for these defendants, at the county of Sacramento, to steal this buckwheat in the county of Yolo. But no demurrer was interposed upon this ground, and this defect in the information is not fatal to the pleading. After the information alleges the property to have been stolen in Yolo County, it alleges that the defendants did "bring said personal property, so taken, stolen, and carried away as aforesaid, into the county of Sacramento." This part of the information is the vital part of it, so far as the county of Sacramento is concerned, for in this language must be found sufficient to give the superior court of Sacramento County jurisdiction of the offense. If the court did not gain jurisdiction of the offense by this language, it had no jurisdiction whatever to try these defendants.

Mr. Bishop, in his work on New Criminal Procedure (vol. 1, sec. 59), says: "Though, to constitute larceny, a taking and carrying away of the goods by trespass and an intent to steal them must concur, if, after one has taken what completes the theft, he continues traveling away with and still intending to steal them, each step may be treated as a new trespass and fresh larceny; so that he may be indicted either in the county where he first took the goods, or in any other into which, the intent to steal continuing, he carries them. . . . It is immaterial to this result whether the taking to the new county is immediate, or long after the original theft. But it must be

felonious in the new county,—as, for example," etc. This principle of law is elementary, and involves the proposition that a new larceny is committed in every county to which the thief takes the property; and the correct information in such a case should charge the commission of the crime of larceny in the county where the person is to be prosecuted. Under such circumstances, the first larceny is a mere matter of evidence, and should not be alleged. (*People* v. *Mellon*, 40 Cal. 648, 654; *People* v. *Scott*, 74 Cal. 94.)

The principle of law illustrated by the quotation from Mr. Bishop is wholly different from the principle of law laid down by the section of the Penal Code quoted. That section does not attempt to create either a new or a different crime. It refers entirely to the *place of trial* of certain crimes. Its sole purpose and effect is to give jurisdiction of certain offenses to the courts of certain counties, which otherwise had no jurisdiction of those offenses. When the property stolen is taken by the thief into another county, *instanter* the courts of that county have jurisdiction to prosecute the thief,—not for some new offense, but for the offense originally committed, whether that crime be larceny, robbery, burglary, or embezzlement. This is the plain meaning of the section. It is apparent that such is its meaning; for it would be impossible to charge a burglary or robbery, or possibly an embezzlement, in another county than that in which it was committed. (*People* v. *Scott*, 74 Cal. 94.) It not being possible to charge such offenses in the second county, it is plain that it is the original offense which may be tried in "another county," and the information, after alleging the commission of the crime in the first county, should then allege the jurisdictional fact that the property was thereafter brought by the thief into the county where the information is filed. This being the proper form of the pleading, it follows that it is unnecessary to allege a taking in the second county, or the value of the property in that county, or that the property was feloniously taken into the county. The statute does not demand that any of these conditions should exist, and therefore it is unnecessary to allege them. In *People* v. *Scott*, 74 Cal. 94, — a case of burglary prosecuted in the county to which the stolen goods were taken,—the court said: " These considerations go to the jurisdiction of the court, and not to the form of charging the facts constituting the offense, and are referred

to only for the purpose of showing that, except as provided by statute, crime is regarded as local."

It is claimed that the taking into the second county should be charged in the information as a *felonious* taking; for the rule of law being that all presumptions should be resolved in favor of a defendant's innocence, it must be presumed that the taking into the second county was an innocent taking, the pleading not stating to the contrary; and counsel says, perchance the owner, after the commission of the crime in the first county, vested title in the stolen goods in the thief before they were taken by him to the second county. *State* v. *Brown*, 8 Nev. 208, appears to be in line with these suggestions. That case seems to hold that, under a statute similar to the one here quoted, the offense should be charged as having been committed in the county where the information is filed. This we deem to be a mistaken view of the statute, for, as already suggested, such allegations could not be made in cases of burglary and robbery, and in construing this section, all of the crimes named therein stand upon common ground. In the leading case of *Haskins* v. *People*, 16 N. Y. 344, 350, which is quoted with approval in the Nevada case, this question is made very plain. The court there said: "The prisoner might, under the statute, have been indicted in Onondaga for the burglary committed in Cayuga. In such a case, I think the indictment must have been special. The burglarious entry could not have been charged to have been made in Onondaga without a variance; and if it had stated it to have been made in Cayuga, according to the fact, without a statement that the property had been brought into Onondaga, it would have appeared that the courts of the latter county had no jurisdiction to try the offense. The difference between the two cases is this: Burglaries may be tried out of their proper counties in certain special cases,—that is, where the goods burglariously taken are carried into another county by the offenders, — but this is by positive law, and not because the burglary was actually committed in the county where the indictment is found, or in judgment of law is considered to have been committed there."

As suggested, it is urged by counsel that the information should charge the taking of the fruits of the crime into the second county to be a felonious taking. Now, let us suppose the fruits of the crime—a burglary—to be property of five dollars in value. The court cannot see how the taking of this

property into the second county could be charged or proven to be a felonious taking into that county. Yet there can be no question but that, by the provisions of the section quoted, a person could be tried and convicted in the second county of such a burglary. The same illustration could be made as to the fruits of a robbery. In *People* v. *Staples*, 91 Cal. 27, an information similar to that here involved was sustained, and likewise was the same result reached in *People* v. *Jochinsky*, 106 Cal. 638. It may be well to suggest that the Staples case was not a prosecution based upon the section of the Penal Code here involved. In the Brown case, hereinbefore cited, judgment was reversed upon the ground that "the indictment fails to charge that any offense was committed within the county where it was found." The proper construction of this statute is, that where prosecutions are had under it, the indictment or information need not charge an offense in the "other county," but as to that county may simply charge that the defendant brought the stolen goods into it; this allegation gives the second county jurisdiction of the original offense.

Various exceptions were taken to the rulings of the court in the matter of giving and refusing certain instructions asked. Those exceptions have all been carefully examined. The points made by them are technical in the extreme, and the court finds no substantial error therein.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

Upon the denial of a hearing in Bank, Beatty, C. J., filed the following opinion on November 23, 1901:—

BEATTY, C. J.—The decision of the Department is placed upon a ground which brings it in direct conflict with the principle decided in *People* v. *Powell*, 87 Cal. 348,—a case decided in Bank without any dissent. It was there held that any attempt by the legislature to subject a defendant in a criminal case to the jurisdiction of the courts of a county, other than that in which the offense is charged to have been committed, is unconstitutional and void. It is here decided that the superior court of Sacramento County had jurisdiction to try the

defendants on a charge that they committed a larceny in Yolo County. The decision is rested solely upon a construction of the statute, regardless of the former solemn decision of the whole court that a similar statute was unconstitutional. For myself, I adhere to the doctrine of the Powell case, which was most maturely considered by the court, and even if it is now to be set aside, I think it should not be done, except by the full court, nor without weighty reasons assigned for such action.

It was not even necessary to impeach the doctrine of the Powell case, in order to sustain these convictions, for in a precisely similar case this court, by unanimous decision, has held that an indictment like this did charge the offense to have been committed in the county to which the stolen property was taken by the perpetrator of the theft. (*People* v. *Staples*, 91 Cal. 27.)

I think the conclusion of the court is correct, but the principle of the decision erroneous.