## COUNTY COURT—NASSAU COUNTY,

### June, 1911.

## THE PEOPLE v. JOHN CARTER.

### (72 Misc. 631.)

(1.) INDICTMENT—OFFENSES CONTINUES INTO NEW COUNTIES.

At common law one who carries property which he has stolen into or through a county other than that in which he stole it commits a new and distinct larceny in each county into which he takes it and is indictable therein.

(2.) SAME—REQUISITES AND SUFFICIENCY OF ACCUSATION—SURPLUSAGE—JOINDER OF COURTS—DUPLICITY OF COURTS.

Where an indictment for grand larceny in the first degree, after charging the defendant with stealing in the county of S. property of the value of $500, further charges that he brought said property into the county of N. and therein committed a theft of the same property, and a second count charges in common law form the commission by defendant of the same larceny in the county of N., it is an indictment for grand larceny committed in the county of N.; and the allegation as to the original taking in the county of S., the sole and only purpose of which is to show that defendant by continuing to withhold the property from the true owner committed a larceny in the county of N., is unnecessary and mere surplusage which does not vitiate the indictment.

(3.) SAME.

The indictment, being within the local jurisdiction of the county of N. and charging but one crime, is good upon demurrer that it charges more than one crime within the meaning of sections 278, 179 of the Code of Criminal Procedure.

DEMURRER to indictment.

*Harry W. Moore,* for demurrer.

*Charles N. Wysong,* District Attorney (*Mason Trowbridge,* Assistant District Attorney, of counsel), for indictment.

NIEMANN, J.:

The defendant has been indicted for grand larceny in the first degree. The indictment charges that, on the 17th day of March, 1911, he stole a horse, blanket and headstall, of the value of $500, in Suffolk county, in this State, and that, on the 18th day of March, 1911, he brought said property into the county of Nassau and so committed a theft of said property in Nassau county. There is a second count in the indictment, which charges in the ordinary common-law form the same larceny committed in the county of Nassau; and a third count, which charges the defendant with criminally receiving stolen property, based upon the taking of the same property set forth in the first count.

The defendant demurs to the first two counts of the indictment, upon the grounds, first, that it appears upon the face of the indictment that the grand jury had no legal authority to inquire into the crime charged, by reason of its not being within the local jurisdiction of Nassau county; and, second, that it appears upon the face of the indictment that more than one crime of grand larceny is charged within the meaning of sections 278 and 279 of the Code of Criminal Procedure.

1. Under the common law a man who has stolen the goods of another in one county and, having completed the theft, carries the property into or through another county than that where he originally took them, commits a new and distinct larceny in each county through or into which he takes them, and so may be indicted, either in the county where he took the goods, or in any other county into which he carries them; for the legal possession of the goods remains in the true owner, and every moment's continuation of the trespass and felony amounts to a new caption and asportation. (People v. Gardner, 2 Johns. 477; People v. Burke, 11 Wend. 130; Haskins v. People, 16 N. Y. 344; 1 Bishop New Crim. Pro., §§ 59, 60, and cases there cited.)

It was unnecessary to set forth in the indictment the original taking in Suffolk county; it would have been sufficient to charge the crime of larceny in ordinary form, and then the fact of the original taking in Suffolk county could have been proved upon the trial (People v. Dumar, 106 N. Y. 502); but the original taking in Suffolk county is merely pleaded by way of introduction and foundation for the offense for which the defendant is indicted, to wit, the fresh taking and therefore new larceny in Nassau county. While it would have been better pleading to have omitted the allegation of the original or first taking in Suffolk county, the defendant cannot be misled or prejudiced thereby; it will not embarrass him in his defense, but on the contrary expose to him the very groundwork of the People's case. The allegation is evidentiary in its character and, therefore, unnecessary in the indictment, which should contain a plain and concise statement of the act constituting the crime, without unnecessary repetition (Code Crim. Pro., § 275); but the introduction of the Suffolk county larceny does not change this indictment from what it is, in fact, namely, an indictment for the crime of grand larceny in the first degree committed in the county of Nassau. The sole and only purpose of setting forth the original taking in Suffolk county was to show that the defendant, by continuing to withhold the goods from the true owner, committed a larceny in Nassau county; and that that is the larceny charged against him and for which he is indicted is made plain by the fact that the indictment contains the statement that the property, stolen in Suffolk county on the 17th day of March, 1911, was brought into Nassau county on the following day; and the grand jury bases upon this statement the following conclusion: "And so the grand jury aforesaid do say, that the said John Carter, on the day and in the year last aforesaid, at the town and in the county last aforesaid, the said goods chattels, and personal property of the said Joseph C. Geoghagan,

of the value aforesaid, feloniously did take, steal, and carry away."

The statement of the original taking in Suffolk county is surplusage, but it is well settled that surplusage does not vitiate an indictment. (People v. Laurence, 137 N. Y. 517; People v. Hertz, 35 Misc. Rep. 180; People v. Everest, 51 Hun, 23.)

Section 285 of the Code of Criminal Procedure expressly provides that " No indictment is insufficient nor can the trial, judgment, or other proceeding thereon be affected, by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits; " and section 684 of the said Code declares that " Neither a departure from the form or mode prescribed by this Code in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right." While it is the policy of the law to safeguard the substantial rights of the defendant in a criminal action, it is evident that the Legislature has provided against the defeat of criminal justice by mere technical defects in allegations or procedure which do not affect any substantial right of a defendant. (People v. Laurence, supra, 522; Taylor v. People, 12 Hun, 212.)

2. The second count charges the same larceny set forth in the first count, and does not charge a separate or different crime. It simply charges, in the ordinary common-law form, the same offense, *i. e.,* the stealing of the property mentioned in the first count to which distinct reference is made in said second count, and thus does not make the indictment subject to the objection that it charges more than one crime. The pleader, after having in the first count charged the larceny as having been committed upon the theory of a continuing trespass under the common-law rule (People v. John Smith, 4 Park. Cr. Rep. 255), as a matter

of precaution charges the larceny in said second count in the ordinary common-law form without any reference to the original taking in Suffolk county.

3. It follows that the crime charged in the first count of said indictment was within the local jurisdiction of the county of Nassau, and that only one crime is charged.

The demurrer to the indictment must be overruled and an order may be entered accordingly.

Demurrer overruled.