## STATE OF MAINE *versus* HOBBS.

The twenty-sixth rule of the Court, promulgated in 1820, requiring motions in arrest of judgment to be filed within two days after the verdict was rendered, had reference only to *civil* cases. Criminal matters are exempted from its limitation.

If a *positive charge* verified by the complainant's oath, *according to the best of his knowledge and belief*, is made in the complaint before a magistrate, it will authorize him to issue his warrant to arrest thereon.

The facts disclosed on oath by a complainant, to the magistrate, to satisfy him that a warrant should be issued, need not be stated in the complaint or warrant, excepting in those cases specially required by statute.

Prosecutions on penal statutes in behalf of the State, are limited to two years after the offence has been committed, where no exception is found in the statute.

Under what circumstances judgment in criminal cases will be *arrested*.

ON EXCEPTIONS, SHEPLEY, C. J., presiding.

THIS was a complaint for unlawfully selling spirituous liquors, originally made before a justice of the peace.

The sale was alleged to have been made on March 5, 1852. The complaint was made on May 20, 1854. The justice certified that the complainant made oath to the truth of the complaint " according to the best of his knowledge and belief."

Before the justice, defendant was convicted, and appealed to the Supreme Judicial Court, where he was also convicted. He then filed a motion in arrest, for the following reasons, but it did not appear to have been done within two days after the verdict was rendered.

1. Because the complaint was not duly sworn to.

2. Because the justice did not carefully inquire into the circumstances of the case before issuing his warrant.

3. Because the warrant was issued without probable cause, supported by oath or affirmation.

4. Because the complaint is sworn to " according to the complainant's best knowledge and belief," and not positively.

5. Because it was not commenced within the time prescribed by law, after the offence charged in said complaint is therein alleged to have been committed.

This motion was overruled, and defendant excepted.

*Emery & Loring,* in support of the exceptions, for the 1st, 3d and 4th reasons, cited *Com.* v. *Phillips,* 16 Pick. 211; *Fogg* v. *Fogg & al.,* 31 Maine, 302. For the 2d and 3d, c. 48, § 11, Acts of 1853; R. S., c. 170, § 3; c. 171, § 2. For the 5th, c. 146, R. S., § § 15, 16; c. 211, § 5, Acts of 1851.

*Abbott,* Att'y General, *contra.*

SHEPLEY, C. J. — The case is presented on exceptions overruling a motion in arrest of judgment. An objection is made, that the motion was not presented within two days after verdict, as required by the twenty-sixth rule of the Court.

That rule was established at April term, 1822, when the Court for trials by jury was required to be holden by a majority of the Justices. No provision having then been made for exceptions, alleged misdirections in matters of law were presented by motion for a new trial. Motions in arrest, and for new trials coupled together, were required to be presented within two days after verdict, while by a proviso, motions for new trials for matters of law, might be presented at any time before judgment. When the rule is considered *with the proviso,* and with the recollection that no provision had then been made for exceptions or revisions of the law in criminal proceedings, it appears to have had reference to civil proceedings only. Such, it is believed, has been its uniform construction.

In the case of *State* v. *Soule,* 20 Maine, 19, the Court appears to have acted upon a motion in arrest made in this Court, in a case brought into it by exceptions from the District Court.

The first, third and fourth causes for arrest, have reference to the form of the oath, made in verification of the complaint.

The statute giving justices of the peace jurisdiction of offences, requires them to "carefully inquire of the com-

plainant on oath," c. 170, § 3, to satisfy the magistrate whether the person accused committed the offence. The oath and inquiry are not expected to be sufficient to insure a conviction. They are expected to present a probable cause. 1 Chitty's Crim. Law, 34. The complaint in this case contains a positive allegation, that the offence was committed by the accused. A foundation for conviction, and notice to the accused of the alleged offence, are formally presented.

In this respect it differs from the case of *Commonwealth* v. *Phillips*, 16 Pick. 211. In that case the complaint alleged only, that there was "probable cause to suspect" the accused to be guilty.

The verification of a positive charge by an oath, according to the best knowledge and belief of the party, may be sufficient, upon inquiry into the circumstances, to satisfy the justice that an offence has been committed, and it may therefore be sufficient to authorize him to issue his warrant.

The second cause assigned is also insufficient. It is not necessary that a complaint or warrant should set forth the facts, disclosed on oath to the justice of the peace, to satisfy him that it has become a duty to issue his warrant, unless the case be one in which it is required by statute, as in warrants issued for the search of dwellinghouses. The *King* v. *Wilkes*, 2 Wilson, 151.

The fifth cause assigned, is, that the prosecution was not commenced for more than two years after the offence is alleged to have been committed.

By statute c. 146, § 15, it is provided, that actions for penalties or forfeitures on a penal statute shall be brought by a person to whom given in whole or in part within one year. And by § 16, if not so prosecuted by any individual, a prosecution by suit, indictment or information may be commenced by the State within two years after the offence was committed, and not afterward. If this language were considered without reference to previous enactments, from which it was derived, it might receive a construction,

that the limitation of a prosecution to two years, did not extend to all penal statutes, but did to such only as provided for a penalty to be given in whole or in part to a private prosecutor.

The commissioners to revise the statutes refer in their report to the Act of 1821, c. 62, § 14, as containing the like provisions without any intimation of a change. That statute did contain the same provisions in substance, with a provision also, that " if any action, suit, indictment or information for any offence against any penal statute shall be brought after the time in that behalf limited, the same shall be void and of none effect." This includes prosecutions for offences against any penal statute, whether any part of the penalty be or be not given to an individual prosecutor. That provision was but a reënactment of a like provision contained in the Act of Mass., passed on June 19, 1788 ; and that appears to have been derived in substance from the statute 31 Eliz. c. 5, which declares, " that all actions, suits, bills, indictments or informations, which after 20 days next after the end of this session of parliament shall be had, brought, sued or exhibited for any forfeiture on any statute penal, made or to be made, whereby the forfeiture is or shall be limited to the Queen, her heirs or successors, only shall be had, brought, sued or exhibited within two years next after the offence committed or to be committed against such act penal, and not after two years ; if brought after that shall be of none effect."

The commissioners and Legislature appear to have considered, that the effect of this prohibitory clause would be preserved by the use of the words "and not afterwards," without noticing that the clause contained words making it applicable to all penal statutes, and thus relieving the preceding enactments of the absurdity now presented in them.

When the history of these enactments is noticed, there can remain little of doubt that the Legislature intended to limit all prosecutions by the State on penal statutes, to two years next after the offence has been committed.

A complaint or indictment, which alleges the offence to have been committed more than two years before the complaint is made or indictment found, is insufficient to sustain a conviction, unless the statute contains an exception preventing the operation of it upon a certain class of persons, such for example as those out of the State. In such case the judgment cannot be arrested, for there may have been proof that the person convicted came within the exception.

But if the complaint or indictment alleges the offence to have been committed more than two years before, and also that it has been committed within two years of the time of filing the complaint, or finding the indictment, and the accused be convicted, judgment cannot be arrested. For the conviction may have been upon proof of an offence within two years. The principle upon which a judgment is arrested, is, that all which has been alleged in the complaint or indictment, may be true, and may have been proved, and yet the person convicted may not have committed any offence. *The People* v. *Santvoord,* 9 Cow. 655; *State* v. *Watts,* 10 Iredell, 369; *State* v. *Rust,* 8 Black. 195.

The offence in this case appearing by the complaint to have been committed more than two years before this prosecution was commenced, and there being no exception in the statute, judgment must be arrested.

*Exceptions sustained*
*and judgment arrested.*