*D. D. Pratt,* for appellee.

---

# THE STATE *v.* BUXTON.

CRIMINAL LAW.—*Justice of the Peace.—Obstructing Highway.—Affidavit.*—Prosecution before a justice of the peace for obstructing a highway. The affidavit charged, "that on or about, &c., at the said county of Jefferson, in the State of Indiana, one A. did unlawfully obstruct a highway then and there situate, being the highway running nearly north and south through section nine, town three, range eight east, from the Scaffold Lick and Kent road to the Lexington and Paris road, in said county and State, by then and there unlawfully erecting fences across said highway, as affiant is informed and *believed.*"

*Held,* that the highway was sufficiently described.

*Held,* also, that it was enough to charge that the obstruction was within the jurisdiction of the court, and not necessary to state the particular place where it was erected on the road.

*Held,* also, that the fact that the charge was made on information and belief did not render the affidavit defective.

*Held,* also, that the mistake of the draftsman in writing "believed," instead of *believes,* was immaterial.

APPEAL from the Jefferson Common Pleas.

GREGORY, J.—This was a prosecution commenced before a justice of the peace for obstructing a highway.

The affidavit charges, "that on or about the 15th day of August, 1868, at the said county of Jefferson, in the State of Indiana, one James B. Buxton did unlawfully obstruct a highway, then and there situate, being the highway running nearly north and south through section nine, town three, range eight east, from the Scaffold Lick and Kent road to the Lexington and Paris road, in said county and State, by then and there unlawfully erecting fences across said highway, as affiant is informed and believed."

The court below, on motion of the defendant, quashed the affidavit and dismissed the case. The State appeals.

It is claimed, that the affidavit is defective in three particulars: first, that the road is not sufficiently described; second, that the particular place on the road where the obstruction was erected ought to have been stated; and lastly, that the charge is made on information and belief.

There is nothing in these objections.

The road is described in its beginning, terminus, and course; this is sufficient.

It was enough to charge that the obstruction was within the jurisdiction of the court.

The form given in the statute is this: "A— B— swears (or affirms) that on or about the — day of — 18—, at said county, C— D—, *as affiant verily believes* (here state the offense)." 2 G. & H. 642, sec. 31. It is claimed, that this belief must be founded on personal knowledge of the facts. If such had been the intention of the legislature, the words "as affiant verily believes" ought to have been omitted.

It frequently occurs that the perpetrator of crime is convicted on the testimony of a number of witnesses swearing to different parts of the transaction constituting the body of the offense. No one person could swear on personal

knowledge that the accused was guilty, and yet any one of the numerous witnesses might with a clear conscience have made the affidavit for the arrest.

Some objection is made to the affidavit on the ground that the word "believed" is in the past tense, but this was evidently a mistake in the draftsman. The affidavit itself shows that the affiant was speaking as to his then present belief.

Judgment reversed, with costs; cause remanded, with direction to overrule the motion to quash the affidavit.

*D. E. Williamson,* Attorney General, and *E. R. & J. L. Wilson,* for the State.

