## THE PEOPLE v. DENNIS HEFFRON.

*Selling liquor without giving bond—Complaint and warrant—Certiorari.*

1. A criminal complaint must set up the facts constituting the offense on the knowledge of the person making it, or on that of some other person; it cannot rest on mere belief.

2. A complaint and warrant for selling liquor without giving bond, contrary to How. Stat. § 2270, must allege some specific act of selling to some person.

3. Objections to the sufficiency of a complaint and warrant for violation of the liquor law should be made before the justice who tries the

complaint; and if not then raised certiorari will not ordinarily issue
to inquire into their sufficiency.

Error to Schoolcraft.   (Steere, J.)   April 18.—April 30.

Complaint for violation of liquor law.   Respondent brings
error.   Reversed.

*Geo. K. Newcombe* and *Hanchett & Stark* for appellant.
A warrant cannot issue unless on evidence of facts known :
Mich. Const. art. vi, § 26 ; *Morton's Case* 10 Mich. 208 ;
*People v. McAllister* 19 Mich. 217 ; *Merwin v. People* 26
Mich. 300 ; *People v. Lynch* 29 Mich. 274 ; *People v. Greg-
ory* 30 Mich. 371 ; *Allor v. Wayne County Auditors* 43
Mich. 97 ; *People v. Wayne Circuit Judge* 36 Mich. 334 ;
*Sarah Way's Case* 41 Mich. 299 ; *Beecher v. Anderson* 45
Mich. 543 ; carrying on the business of selling, when made
an offense, is distinct from that which is constituted by a
single sale, and requires a different charge in the indictment
and is made out by different proof : *Commonwealth v. Odlin*
23 Pick. 275 ; *Commonwealth v. Tubbs* 1 Cush. 2 ; *Common-
wealth v. Elwell* 1 Gray 463.

Attorney General *Jacob J. Van Riper* and Prosecuting
Attorney *W. F. Riggs* for the People.

CHAMPLIN, J.   This suit is a prosecution of the defendant
for violation of the provisions of sections 1 and 9 of Act
259 of the Laws of 1881, before Amos L. Hill, a justice of
the peace in the village of Manistique, in the county of
Schoolcraft, upon the complaint of William F. Riggs.   The
defendant was tried by a jury before the justice, a verdict of
guilty was rendered, and upon the verdict the justice ren-
dered a judgment that the defendant pay a fine of $25 and
costs of prosecution, of the amount of $28.21, and that he
be imprisoned in the county jail for a period of sixty days
from the 23d day of June, 1883, and in case of said fine
and costs not being paid, that he should be further detained
in said jail until the same was paid, provided the whole term
of imprisonment shall not exceed ninety days from and in-
cluding the 23d day of June.   The suit was removed by
certiorari to the circuit court for the county of Schoolcraft,

and the judgment of the justice was affirmed by the circuit court, and was ordered to be executed. The suit is brought to this Court by writ of error.

The errors relied upon here, are : *first,* the insufficiency of the complaint ; and *second,* the admission of testimony of the witness M. H. Quick, called on the part of the prosecution.

The affidavit upon which respondent was arrested reads as follows :

"*State of Michigan, County of Schoolcraft—ss :* The complaint of William F. Riggs, prosecuting attorney of said county, taken and made before me, Amos L. Hill, a justice of the peace of Manistique in said county, who being duly sworn says, that heretofore to wit, at the village of Manistique, in the township of Manistique and in the county aforesaid, on the 5th day of June, A. D 1883, and on divers other days and times between that day and the 7th day of June, 1883, at the village of Manistique aforesaid, divers persons appeared in the streets of said village intoxicated ; that there are no person or persons authorized by law in said village of Manistique to sell, furnish, give, or deliver to such persons, so intoxicated as aforesaid, at retail, to be used as a beverage, any of the liquors specified in section one of Act No. 259 of the public acts of the Legislature of the State of Michigan, passed at the regular session of A. D. 1881 ; that Dennis Heffron pretends to be the proprietor of the Arcade saloon in said village and to be a dealer in said liquors, at the times and place aforesaid ; that this affiant has good reason to believe and does believe that said Dennis Heffron, at the times aforesaid and at the place aforesaid, was engaged in and did carry on the business of selling, furnishing, and delivering to divers persons at retail and as a beverage, spirituous and malt liquors without first having executed and delivered to the county treasurer of said county, the bond required by sections one and nine of said act ; he, said Heffron, then and there not being a druggist, contrary to the form, etc.           WM. F. RIGGS, Prosecuting Attorney.

Subscribed and sworn to before me this 14th day of June, 1883.

A. L. HILL, Justice of the Peace."

This affidavit, within the repeated rulings of this Court, as well as the most elementary principles of criminal law, is entirely insufficient to confer any jurisdiction upon the jus-

tice to issue a warrant for the arrest of the respondent. Bish. Cr. Pro. §§ 716–719; *Com. v. Lottery Tickets* 5 Cush. 369; *Brown v. Kelley* 20 Mich. 27; *People v. Judge of Wayne Circuit* 36 Mich. 334; *Swart v. Kimball* 43 Mich. 451. The complaint must set up the facts constituting the offense on the *knowledge* of the person making the complaint, and if he does not know them, other witnesses must be examined who do know them; and no person can be arrested on the mere belief of the person making the complaint. The liberty of the citizen is not held upon so slender a tenure as that. *Badger v. Reade* 39 Mich. 774; *People v. Recorder of Albany* 6 Hill 429; *Proctor v. Prout* 17 Mich. 473.

But there is another objection which is equally fatal to the conviction of respondent. Neither the complaint nor the warrant, which follows the language of the complaint, charges any offense known to the laws of this State. The offense charged in the warrant, on belief, is " that said Dennis Heffron, at the times aforesaid, and at the place aforesaid, was engaged in and did carry on the business of selling, furnishing and delivering to divers persons, at retail, and as a beverage, spirituous and malt liquors without first having executed and delivered to the county treasurer of said county the bond required by sections one and nine of said Act." The first section of the Act makes it unlawful for any person (except druggist) to sell, furnish to, or give any liquors, etc., without first having given bond to the county treasurer, as provided in the Act; and section nine enacts that every person engaged in the sale of any spirituous, etc., liquors, except druggist, shall execute the bond provided by the section. The offense, therefore, does not consist in engaging in the business, but the act of selling, furnishing or giving, and it is necessary to allege some specific act of selling, etc., to some person. This point was distinctly decided at the January term of this Court, in the case of *People v. Minnock* 52 Mich. 628, and it is unnecessary to add anything to what is there said.

We think the respondent should have made the specific objections to the affidavit and warrant when brought before

the justice, which would probably terminate the case there, instead of putting the People to the expense of following the proceedings to this Court; and ordinarily where a party pursues this course we should not feel inclined to interfere on certiorari; but as it is a case where personal liberty is involved, and where, perhaps, the conviction and judgment would not justify imprisonment in the execution of the judgment, we think it best to set aside the judgment and quash the proceedings, and it is so ordered.

CAMPBELL, J. concurred.

COOLEY, C. J. As the defendant pointed out no objection to the complaint in the justice's court, I think the writ of certiorari should not have been sustained for the purpose of inquiring into its sufficiency. But under the circumstances of this case I assent to the order proposed to be now entered.

SHERWOOD, J. concurred.