[No. 20367. In Bank. — November 22, 1887.]

## Ex parte JOHN A. DIMMIG, on Habeas Corpus.

CRIMINAL LAW — WARRANT OF ARREST — ISSUANCE OF BY MAGISTRATE — EVIDENCE OF GUILT. — Under sections 811, 812, and 813 of the Penal Code, a magistrate has no jurisdiction to issue a warrant of arrest without some evidence tending to show the guilt of the party named in the warrant. But a mere affidavit, in the form of an information, which only contains an expression of the opinion of the affiant that a certain person is guilty of a crime, and which contains no evidence, and is followed by no deposition stating any fact tending to show guilt, is insufficient to support a warrant for his arrest.

APPLICATION for a writ of habeas corpus. On the twelfth day of November, 1887, one I. W. Lees made and filed an affidavit in the police judge's court of the

city and county of San Francisco, which, after stating the title of the court and cause, proceeded as follows:—

"STATE OF CALIFORNIA, ⎰
     CITY AND COUNTY OF SAN FRANCISCO. ⎱ ss.

"Personally appears before me, this twelfth day of November, A. D. 1887, I. W. Lees, who, on oath, upon information and belief, makes complaint, and deposes and says that on the 23d of October, A. D. 1887, in the city and county of San Francisco, the crime of murder was committed, to wit, by John A. Dimmig, who then and there willfully, unlawfully, feloniously, and with his malice aforethought, did kill and murder one Henry Benhayon, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the state of California. And this complaint, upon oath, accuses the said John A. Dimmig of having committed the said crime, and prays that the said accused may be brought before a magistrate and dealt with according to law.

[Signed]                                    "I. W. LEES.

"Subscribed and sworn to before me this twelfth day of November, A. D. 1887.

                              "F. A. HORNBLOWER,
"Judge of the Police Judge's Court of the City and County of San Francisco."

Upon the filing of this affidavit, the judge of the police judge's court issued a warrant for the arrest of John A. Dimmig. He was accordingly arrested and imprisoned under the warrant by the chief of police of the city and county of San Francisco. The present proceeding is brought to have him discharged from such imprisonment. The further facts are stated in the opinion of the court.

*John D'Arcy, Otto Tum Suden,* and *H. B. M. Miller,* for Petitioner.

*Joseph Kirk,* for Respondent.

The Court. — Sections 811, 812, and 813 of the Penal Code are as follows: —

"Sec. 811. When an information is laid before a magistrate of the commission of a public offense, triable within the county, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.

"Sec. 812. The deposition must set forth the facts stated by the prosecutor and his witnesses tending to establish the commission of the offense and the guilt of the defendant.

"Sec. 813. If the magistrate is satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest."

Under these provisions, a magistrate has no jurisdiction to issue a warrant of arrest without some evidence tending to show the guilt of the party named in the warrant. The original information may be sufficient, though made only upon information and belief, if followed by the deposition of the complainant, or some other witness, stating facts tending to show the guilt of the party charged. Of course, where there was some evidence upon which the magistrate acted, we would not interfere. It may be also true that the original information might be treated as a deposition; and in such view, if it contained positive evidence of facts tending to show guilt, it might be sufficient as a basis for the issuance of a warrant. But a mere affidavit in the form of an information, containing no evidence, and followed by no deposition stating any fact tending to show guilt, is insufficient to support a warrant. The liberty of a citizen cannot be violated upon the mere expression of an opinion under oath that he is guilty of a crime. (*Swart* v. *Kimball*, 48 Mich. 443; *Blodgett* v. *Race*, 18 Hun,

132; *In re Balcom*, 12 Neb. 316; *Ex parte Burford*, 3 Cranch, 448; *People* v. *Smith*, 1 Cal. 9; *People* v. *Heffron*, 53 Mich. 529; *Ex parte Haynes*, 18 Wend. 612; *Loder* v. *Phelps*, 13 Wend. 46; *People* v. *Hamilton*, 66 Cal. 594.) Such being the case here, the petitioner is discharged.