[No. 20837.   In Bank. — April 30, 1891.]

EX PARTE W. A. SPEARS, ON HABEAS CORPUS.

FUGITIVE FROM JUSTICE — AUTHORITY OF GOVERNOR — PROOF OF CHARGE OF CRIME — REQUISITION.— The governor of the state is not authorized to issue his warrant for the arrest of a fugitive from justice, unless it is shown to him that the fugitive is substantially charged with a crime in the state from which it is alleged he has fled, and this fact must be made to appear by a copy of an indictment found, or an affidavit made before a magistrate of such state, certified as authentic by the governor of the state making the demand.

ID. — INQUIRY UPON HABEAS CORPUS. — Whether the alleged fugitive is substantially charged with a crime in the state from which it is alleged he has fled is a question of law which is always open, upon the face of the papers, to judicial inquiry, upon an application for a writ of *habeas corpus.*

ID. — INSUFFICIENT AFFIDAVIT — BELIEF OF OFFENSE. — An affidavit accompanying the requisition of the governor of another state, which states that the affiant "has reason to believe, and does believe," that the accused embezzled, or fraudulently converted to his own use, certain personal property, is not the statement of any fact, and is fatally defective, and is insufficient to support the issuance of a warrant of arrest as a fugitive from justice by the governor of this state.

LAWS OF FOREIGN STATE HOW PROVED. — Where a particular section of the laws of a foreign state is read as evidence, from a printed volume of the statutes of that state, the court, for the purpose of determining what is the law of that state, is not confined to the particular section, but may examine the entire volume.

APPLICATION to the Supreme Court for a discharge from imprisonment on a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*G. E. Riley, J. F. Riley,* and *J. I. Caldwell,* for Petitioner.

*Attorney-General Hart, contra.*

DE HAVEN, J.—The petitioner is before the court upon a writ of *habeas corpus,* the return to which shows that he is in the custody of the sheriff of Nevada County by virtue of a warrant for his arrest as a fugitive from justice, issued by the governor of this state in compliance with a requisition from the governor of the state of Alabama.

The governor of this state was not authorized to issue his warrant for the arrest of petitioner, unless it was shown to him that the petitioner is substantially charged with a crime in the state from which it is alleged he has fled, and the law of Congress (Rev. Stats., sec. 5278) requires that this fact must be made to appear by a copy of an indictment found, or an affidavit made before a magistrate of such state, certified as authentic by the governor of the state making the demand. (*Roberts* v. *Reilly,* 116 U. S. 95.) And whether the alleged fugitive is so substantially charged with a crime is a question of law, which is always open, upon the face of the papers, to judicial inquiry, on an application for discharge under a writ of *habeas corpus.* (*Roberts* v. *Reilly,* 116 U. S. 95.)

We have before us the copy of the affidavit which accompanied the requisition of the governor of Alabama, and the sole question for determination is, whether such affidavit substantially charges the petitioner with having committed any crime which would have justified his arrest in that state. The affidavit purports to have been made by one J. C. Orr, and charges that he, Orr, "has reason to believe, and does believe, that within twelve months before making this affidavit in said county, W. A. Spears embezzled, or fraudulently converted to his own use, one car-load of mules, or the value of the same, to wit, of

two thousand dollars, the personal property of J. C. Orr, which came into W. A. Spears's possession by virtue of an employment to sell said mules."

It is obvious that this affidavit does not directly charge that petitioner has committed any offense, and it would be a dangerous precedent to establish, that any man may be deprived of his liberty and removed to another state upon such an accusation. The statement therein, that affiant " has reason to believe, and does believe," that petitioner embezzled, or fraudulently converted to his own use, the property mentioned, is not the statement of any fact, and for that reason the affidavit is fatally defective. The language of the supreme court of Michigan in *Swart* v. *Kimball*, 43 Mich. 451, is applicable here:—

" Charges are not verified by an affidavit that somebody is informed and believes that they are true. This is mere evasion of the law; the most improbable stories may be believed of any one, and the man most free from any reasonable suspicion of guilt is not safe if he holds his freedom at the mercy of any man three hundred miles off, who will swear that he has been informed and believes in his guilt."

That such an affidavit is insufficient to support the issuance of a warrant under the laws of this state was held by this court in *Ex parte Dimmig*, 74 Cal. 165. We there said: " But a mere affidavit in the form of an information, containing no evidence, and followed by no deposition stating any fact tending to show guilt, is insufficient to support a warrant. The liberty of a citizen cannot be violated upon the mere expression of an opinion under oath, that he is guilty of a crime."

In *Ex parte Smith*, 3 McLean, 121, the affidavit accompanying the requisition of the governor of Missouri for the arrest of Smith was made by one Boggs, and charged "that on the night of the sixth day of May, 1842, while sitting in his dwelling, in the town of Independence, in the county of Jackson, he was shot, with intent to kill,

and that his life was despaired of for several days, and that he believes, and has good reason to believe, from evidence and information now in his possession, that Joseph Smith, commonly called the Mormon Prophet, was accessary before the fact of the intended murder, and that the said Joseph Smith is a citizen and resident of the state of Illinois."

This affidavit was held insufficient as a basis for the governor's warrant, upon the ground, among others stated, that it was not positive in its charge. (See also 1 Bishop on Criminal Procedure, sec. 222.)

It is true that the courts are not authorized to discharge a prisoner because of formal defects in the indictment or affidavit charging the offense, and that the sufficiency of the charge, as a matter of technical pleading, is to be tried and determined in the state from which the alleged fugitive fled. (*Davis's Case,* 122 Mass. 329; *Kentucky* v. *Dennison,* 24 How. 107.)

But the defect in the affidavit before us is not a merely formal one. The objection to its sufficiency is substantial, and it is, that in judgment of law it does not make any charge at all.

Upon the hearing, the attorney-general read as evidence, from a printed volume of the statutes of that state, section 4204 of the Criminal Code of Alabama, from which it appears that a warrant of arrest for a misdemeanor may be issued upon an affidavit in which the affiant states "that he has probable cause for believing, and does believe," that such offense has been committed, and it was argued that inasmuch as no other section of this code was formally offered in evidence, that the court must presume that the affidavit here is sufficient under the laws of that state. We think, however, that we are not confined to this particular section, which is not applicable here, but are authorized to look into the volume in which it appears, and upon such examination we find the law of that state to be, what in the absence of all

evidence we would presume it to be, substantially like that of our own state, so far as relates to arresting one charged with a felony. It follows that the affidavit before us must be regarded as insufficient to justify the issuance of the executive warrant of arrest under which the petitioner is detained in custody.

Petitioner discharged.

Gᴀʀᴏᴜᴛᴛᴇ, J., MᴄFᴀʀʟᴀɴᴅ, J., Hᴀʀʀɪsᴏɴ, J., and Bᴇᴀᴛᴛʏ, C. J., concurred.

Pᴀᴛᴇʀsᴏɴ, J., dissenting.—I am unable to concur. " The warrant of the governor is *prima facie* evidence, at least, that all necessary legal prerequisites have been complied with " (Church on Habeas Corpus, sec. 480), and the petitioner has not made it appear to my satisfaction that the courts of Alabama could not hold him for examination on the affidavit charging him with embezzlement.