## UNITED STATES v. COLLINS.

(District Court, S. D. California. January 26, 1897.)

WARRANT OF ARREST—COMPLAINT ON INFORMATION AND BELIEF.

Under the Penal Code of California, and, accordingly, by virtue of Rev. St. § 1014, in the courts of the United States sitting in that state, a complaint made to a committing magistrate, upon information and belief only, is insufficient to give such magistrate jurisdiction to issue a warrant of arrest for the accused person, or to issue a subpœna for a witness.

On Demurrer to Indictment.

George J. Denis, U. S. Atty.
Walter D. Tupper, for defendant.

WELLBORN, District Judge. Defendant is charged with violating section 5399 of the Revised Statutes of the United States, which, among other things, provides that every person who obstructs or impedes the due administration of justice in any court of the United States shall be punished by fine, etc. There are two counts in the indictment. The first count alleges substantially that on the 13th day of November, 1896, and prior thereto, Dante R. Prince was a duly appointed and qualified commissioner of the circuit court of the United States in and for the Southern district of California, at the city of Fresno, Cal., within said district, and while acting in his official capacity, at the time and place aforesaid, one B. T. Alford appeared before him, the said commissioner, and by his written affidavit and complaint, upon information and belief, accused one J. H. Terry of the crime of having deposited in the United States post office, at said city of Fresno, an obscene and lewd letter; that thereupon said commissioner issued a warrant for the arrest of said Terry, under which said Terry was arrested, and brought before said

79 F.—5

commissioner on the 14th day of November, 1896, when said commissioner fixed the 19th day of the said month for conducting the examination of said Terry on said charge; that at the time said complaint was filed, and at all the times thereafter in said count mentioned, the letter therein referred to was in the possession of the defendant herein, John H. Collins, and after the filing of said complaint, and on the day that it was filed, said commissioner issued a subpœna in said action against said Terry, directing said Collins to appear before him on the said 19th day of November, 1896, as a witness on the part of the United States, and also issued an order, in writing, directing said Collins to deliver to Deputy United States Marshal B. T. Alford said letter, said order reciting that said letter was needed on the part of the United States in said action; that said subpœna and order were duly served upon said Collins on said 14th day of November, 1896; but that said Collins willfully and corruptly refused to deliver said letter to said Alford or said commissioner.    The second count is similar to the first, except that it charges the defendant with a willful and corrupt refusal to obey a subpœna duces tecum, issued in the same action, and under the same circumstances, as were the subpœna and order mentioned in the first count.    A demurrer has been interposed to the indictment, on the ground that the alleged complaint filed before the commissioner, being upon information and belief, was, in contemplation of law, no complaint at all, and therefore the commissioner was without jurisdiction to issue the subpœnas in question.

Section 1014 of the Revised Statutes of the United States provides that, for any crime against the United States, the offender may by any one of certain officers, therein named, and agreeably to the usual mode of process against offenders in such state, be held for trial before such court of the United States as has cognizance of the offense.    It has been repeatedly held that it was the intention of congress, by this section, "to assimilate all the proceedings for holding accused persons to answer, before a court of the United States, to the proceedings had for similar purposes by the laws of the state where the proceedings should take place."    U. S. v. Rundlett, Fed. Cas. No. 16,208; U. S. v. Harden, 10 Fed. 803; U. S. v. Horton, Fed. Cas. No. 15,393.    To determine, therefore, the question now before the court, reference must be had to the statutes and decisions of California.

Under what circumstances, then, may a committing magistrate in California subpœna a witness?    This question is answered by section 1326 of the Penal Code of said state, the pertinent provisions of which are as follows:

"Sec. 1326. The process by which the attendance of a witness before a court or magistrate is required is a subpœna; it may be signed and issued by: (1) A magistrate before whom a complaint is laid, for witnesses in the state, either on behalf of the people or of the defendant. * * *"

The word "complaint" is defined in section 806 of said Code, as follows:

"Sec. 806. The complaint is the allegation in writing made to a court or magistrate that a person has been guilty of some designated offense."

It will be observed that, according to this section, the allegation necessary to constitute a complaint is not the mere statement of an opinion, but the allegation of the fact "that a person has been guilty of some designated offense." The word "complaint," as defined in said section, includes the accusation made before the committing magistrate, and also the information filed by the district attorney in the trial court. The requirements of the law as to the information filed in the trial court are prescribed in section 809 of said Code. Verification by affidavit is not among these requirements, for the reason, I take it, that a district attorney is presumed to be acting, when he presents an information, under the sanctions of his official oath. The law, however, is different with reference to the complaint or accusation made before a committing magistrate, as appears from sections 811, 812, and 813, Pen. Code Cal., which are as follows:

"Sec. 811. When an information is laid before a magistrate of the commission of a public offense, triable within the county, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.

"Sec. 812. The deposition must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the offense and the guilt of the defendant.

"Sec. 813. If the magistrate is satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest."

In order, then, to authorize a magistrate, for the purposes of preliminary examination, to issue a subpœna, there must be laid before him a written complaint on oath, alleging that a person therein named has been guilty of some designated offense. Does the indictment in the case at bar show such a complaint? I think not. The affidavit made by Alford before Commissioner Prince, being upon information and belief, did not allege any material fact whatever, but was simply the statement of affiant's opinion.

Referring to an affidavit of this sort, the supreme court of California has said:

"It is obvious that this affidavit does not directly charge that petitioner has committed any offense, and it would be a dangerous precedent to establish that any man may be deprived of his liberty, and removed to another state, upon such an accusation. The statement therein that affiant 'has reason to believe, and does believe,' that petitioner embezzled or fraudulently converted to his own use the property mentioned, is not the statement of any fact, and for that reason the affidavit is fatally defective. * * * But the defect in the affidavit before us is not a merely formal one. The objection to its sufficiency is substantial, and it is that, in judgment of law, it does not make any charge at all." Ex parte Spears, 88 Cal. 642, 26 Pac. 608.

And even in the case of People v. Smith, 1 Cal. 11, cited by the government, while, contrary to the later cases as hereinafter shown, it is held that it is too late for the defendant to object to the affidavit, on which was issued the warrant for his arrest, after examination and commitment, the court says:

"It is claimed that the affidavit in pursuance of which the warrant was issued is defective, because it is alleged to be upon information merely. If this were so, we should feel disposed to regard it as of but little value, for an affidavit which states no fact within the knowledge of the person making it can be of but little weight in any legal proceeding."

That such an affidavit does not confer jurisdiction to issue a warrant of arrest has been expressly held by the supreme court of California. Ex parte Dimmig, 74 Cal. 164, 15 Pac. 619. In that case the court, referring to the aforesaid sections 811, 812, and 813, says:

"Under these provisions, a magistrate has no jurisdiction to issue a warrant of arrest without some evidence tending to show the guilt of the party named in the warrant. The original information may be sufficient, though made only upon information and belief, if followed by the deposition of the complainant, or some other witness, stating facts tending to show the guilt of the party charged. Of course, where there was some evidence upon which the magistrate acted, we would not interfere. It may be also true that the original information might be treated as a deposition; and in such view, if it contained positive evidence of facts tending to show guilt, it might be sufficient as a basis for the issuance of a warrant. But a mere affidavit in the form of an information, containing no evidence, and followed by no deposition stating any fact tending to show guilt, is insufficient to support a warrant. The liberty of a citizen cannot be violated upon the mere expression of an opinion under oath that he is guilty of a crime."

It is, however, urged by the government, that, while an affidavit upon information and belief may not confer jurisdiction to issue a warrant of arrest, it would confer jurisdiction to compel, by subpoenas, the attendance of witnesses before the magistrate, to enable him to determine whether or not a warrant of arrest ought to issue. The authorities cited to support this contention are People v. Smith, 1 Cal. 9, and People v. Staples, 91 Cal. 23, 27 Pac. 523. It seems to me, however, illogical to hold that a magistrate has jurisdiction to compel the attendance of witnesses to enable him to determine whether or not a person ought to be arrested for crime, and yet is without jurisdiction to order the arrest. Moreover, the doctrine of the two cases last cited, that the commitment authorizes the filing of an information, and that it is too late after the commitment to raise an objection to the sufficiency of the affidavit on which the arrest was originally made, has been practically, if not in terms, overruled by the later cases of People v. Christian, 101 Cal. 471, 35 Pac. 1043, and People v. Howard, 111 Cal. 655, 44 Pac. 342. I extract from the opinion in the latter case the following:

"It remains to be determined whether the fact that the complaint upon which a defendant is arrested and committed states no offense against him is so fatal to the regularity of the proceeding as to require the information based thereon, itself sufficient in form, to be set aside, upon the ground that he has never been legally held to answer. Some of the earlier cases, arising under the provision of our present constitution providing for prosecutions by information, seem to treat the character or sufficiency of the complaint before the magistrate as largely an immaterial or nonessential factor in determining the regularity of the proceeding for a commitment (see People v. Velarde, 59 Cal. 457; People v. Wheeler, 65 Cal. 77, 2 Pac. 892; People v. Staples, 91 Cal. 23, 27 Pac. 523); although none of those cases, we think, go to the extent of holding that the complaint need not state an offense. But in the recent case of People v. Christian, 101 Cal. 471, 35 Pac. 1043, where the latest expression of the court upon the subject is to be found, all the earlier cases are fully reviewed, and the reasoning and conclusion in that case would seem to impart more dignity and importance to the office of that pleading in criminal prosecutions than theretofore accorded it. In that case the defendant was charged with an assault with a deadly weapon upon one George Magin, and was held to answer therefor. The district attorney filed an information charging him with such an assault upon one George 'Massino.' It was held that the information must be set aside, the court, after stating the facts showing that defendant had been brought before the magistrate to defend himself against

a charge of assaulting Magin, saying: 'Under those circumstances, and under a complaint charging that offense, he could not be called upon to defend himself for assaulting one Massino, for there was no complaint on file upon which to base an examination of that character.' And, after reviewing the cases upon the subject, it is said: 'It may be laid down as an unquestioned proposition that the district attorney has no authority to disregard the commitment, and cull from the evidence taken at the preliminary examination some real or imaginary offense not included in the complaint upon which the defendant was charged and examined. * * * The district attorney is not only required to file the information for some offense included in the allegations of the complaint, but the magistrate likewise only has the power to commit for some offense included therein.' "

### The court further says:

"The principles to be deduced from this case are that the complaint lodged with the magistrate constitutes the groundwork of the whole superstructure to be thereafter built thereon, and draws the lines which must circumscribe the limits the prosecution can take. The defendant, in other words, may be competently informed against and tried for any offense charged in the complaint, or included therein, but beyond that limitation the prosecution cannot go. * * * From these principles it would seem to follow as a necessary corollary that if the complaint is the measure of the people's rights in proceeding against a defendant in any case, such complaint must charge him with a public offense. If the commitment and information cannot go beyond the complaint, and the latter fails to state any crime, the logic is irresistible that the defendant has not been legally held to answer for an offense. And this must be true. It cannot be that it was ever contemplated, either by the framers of the constitution, or by the legislature proceeding under that instrument, that a party can be arrested and put to the indignity and public shame of detention and examination upon a criminal charge, to say nothing of the inconvenience and pecuniary detriment incurred thereby, without a formal complaint, which charges, at least in substantial effect, some offense known to the law; for, if the complaint need not state an offense, it would subserve no useful purpose, since a pleading which does not state a cause of action is, in legal contemplation, no pleading. That such was not the purpose or intent of the legislature is evident from section 806 of the Penal Code, which provides that 'the complaint is the allegation in writing, made to a court or magistrate, that a person has been guilty of some designated offense.' "

I have examined the federal decisions cited by the government, but do not think they antagonize my views, as above indicated.

In U. S. v. Tinklepaugh, 28 Fed. Cas. 193, the claim was not made that the warrant in question was a nullity. This is shown by the following extract from the opinion:

"It is admitted by the counsel for the defendants that the warrant is a valid warrant, so far as it respects the action of the marshal, or any persons acting under him, by his authority; and that he and they were not only authorized, but were bound, to execute it."

This language could hardly be applied to any process considered absolutely null and void. If, in U. S. v. Martin, 17 Fed. 150, or U. S. v. Reese, 27 Fed. Cas. 746, which are the other federal decisions cited by the government, there be anything with which this opinion apparently conflicts, it is a sufficient answer to say that the decisions of said cases did not depend upon California laws.

The conclusion is to my mind irresistible that Alford's affidavit or complaint before Commissioner Prince, being upon information and belief, did not confer upon the latter jurisdiction to make the order or issue the subpoenas set forth in the indictment, and therefore the demurrer thereto is sustained.