[Crim. No. 1519. In Bank.—May 27, 1909.]

## Ex Parte R. C. BLAKE, on Habeas Corpus.

Habeas Corpus—Statute of Limitations—Matter of Defense.— The operation of the statute of limitations against a criminal charge is mere matter of defense, and is not ground for the release of the accused on *habeas corpus*.

Id.—Statute of Limitations as to Misdemeanors.—Section 801 of the Penal Code does not apply to misdemeanors originally triable in the police court or before a justice of the peace, but such misdemeanors are governed by section 1426a of the Penal Code approved April 17, 1909, requiring the complaint therefor to be filed within one year after the commission of the misdemeanor.

Id.—Habeas Corpus—Fundamental Rule.—It is a fundamental rule that *habeas corpus* will not lie for the correction of mere errors which may be corrected by motion or on appeal.

Id.—Complaint upon Information and Belief—Distinction between Arrest by Committing Magistrate and Arrest for Trial.—When a police judge or a justice of the peace acts as a committing magistrate for an offense to be tried in the superior court, he cannot, upon a mere complaint upon information and belief, without other depositions showing the commission of the offense, issue a warrant of arrest. But when the complaint is for a misdemeanor originally triable in the police court or in a justice's court, it is the duty of the police judge or justice of the peace to issue a warrant of arrest, if he is satisfied from the complaint that the offense charged therein has been committed, though it be not sworn to positively but upon information and belief, the commission of the offense being a matter for positive proof at the trial.

APPLICATION for Writ of Habeas Corpus to the Chief of Police of the City of Oakland.

The facts are stated in the opinion of the court.

Burton Jackson Wyman, for Petitioner.

W. H. Donahue, District Attorney, and William T. Satterwhite, Deputy District Attorney, for Respondent.

MELVIN, J.—Petitioner was charged with obtaining a sum less than fifty dollars by false pretenses. The complaint upon which a warrant was issued from one of the police courts of the city of Oakland charges the commission of the alleged

crime as of a time more than one year before the verification
and filing of the said pleading, and the complaining witness
swore to the circumstances of the offense "upon his informa-
tion and belief." Petitioner contends: 1. That the prosecu-
tion is barred by the provisions of section 801 of the Penal
Code; and 2. That a complaint on information and belief fails
to give the police court jurisdiction of the offense. In support
of the first proposition, we are asked to re-examine section 801
of the Penal Code in the light of its history, to determine
whether or not the legislature intended that section to apply
as well to ordinary misdemeanors, cognizable in justices' and
police courts, as to those prosecuted by indictment or informa-
tion. It is unnecessary to consider petitioner's argument in
detail for several reasons: 1. Because the operation of a stat-
ute of limitations is not ground for the release of a prisoner
on *habeas corpus;* and 2. Since the filing of the petition herein,
the legislative interpretation of the matter has been indicated
by the adoption of section 1426a of the Penal Code (approved
April 17, 1909, [Stats. 1909, p. 979]), which provides that "a
complaint for any misdemeanor triable in a justice's or police
court must be filed within one year after its commission"; and
because it has long been the settled law of this state that the
provisions of section 801 of the Penal Code do not apply to
misdemeanors of the kind embraced within the charge against
this petitioner. (*People* v. *Ayhens,* 85 Cal. 86, [24 Pac. 635];
*People* v. *Picetti,* 124 Cal. 361, [57 Pac. 156]; *People* v. *Gray,*
137 Cal. 269, [70 Pac. 20].)

That the statute of limitations is mere matter of defense and
is not ground for discharge of a prisoner on *habeas corpus,* has
been held in *Ex parte Townsend,* 133 Fed. 75; *United States*
v. *Cook,* 17 Wall. 168; *Johnson* v. *United States,* 13 Fed. Cas.,
7418; *In re Bogart,* 3 Fed. Cas., 1596. These decisions
are based upon the fundamental rule that *habeas corpus*
will not lie for the correction of mere errors which may be
reached by motion or on appeal. (*In re Fife,* 110 Cal. 8, [42
Pac. 299]; *In re Walker,* 61 Neb. 811, [86 N. W. 510]; *Ex
parte Miller,* 82 Cal. 455, [22 Pac. 1113]; 2 Spelling on In-
junction and Other Extraordinary Remedies, sec. 1206.)

The other branch of this petition presents a more serious
question. At first glance it might seem that this matter had
been determined by the decision of this court in *Ex parte*

*Dimmig,* 74 Cal. 164, [15 Pac. 619]. In that proceeding this court was considering a complaint in which the petitioner was charged upon information and belief with the crime of murder. After the citation of sections 811, 812, and 813 of the Penal Code, the court used the following language: "Under these provisions, a magistrate has no jurisdiction to issue a warrant of arrest without some evidence tending to show the guilt of the party named in the warrant. The original information may be sufficient, though made only upon information and belief, if followed by the deposition of the complainant, or some other witness, stating facts tending to show the guilt of the party charged. Of course, where there was some evidence upon which the magistrate acted, we would not interfere. It may be also true that the original information might be treated as a deposition; and in such view, if it contained positive evidence of facts tending to show guilt, it might be sufficient as a basis for the issuance of a warrant. But a mere affidavit in the form of an information, containing no evidence, and followed by no deposition stating any fact tending to show guilt, is insufficient to support a warrant. The liberty of a citizen cannot be violated upon the mere expression of an opinion under oath that he is guilty of a crime." This would be conclusive of the whole matter if our method of procedure was the same in ordinary charges of misdemeanor made by complaint only, as it is in prosecutions for felony or so-called "higher misdemeanors," cognizable by the superior court and inaugurated in that court by information (after examination before a magistrate) or by indictment. But in California there is a wide difference between the method of commencing and prosecuting criminal actions before justices' or police courts and that by which a prosecution for felony is inaugurated and conducted. Section 1426 of the Penal Code is in part as follows: "All proceedings and actions before a justice's or police court, for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath," etc. There is no provision in the law for the taking of depositions to support the complaint mentioned in this section. But the very next section (1427 of the Penal Code) makes it the duty of the justice of the peace or police judge to issue a warrant of arrest if he "is satisfied therefrom" (that is, from the complaint) "that the offense complained of has been com-

mitted." Section 811 of the Penal Code is as follows: "When an information is laid before a magistrate of the commission of a public offense, triable within the county, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them." Section 812 of the same code sets forth the requisites of the depositions of the prosecutor "and his witnesses," while the following section makes it the duty of the magistrate to issue a warrant of arrest if he is satisfied from the deposition or depositions that the offense complained of has been committed and that there is reasonable ground to believe that the defendant committed it.

It will be seen, therefore, that there is a wide distinction between the methods of prosecuting charges of felony and those amounting only to ordinary misdemeanors. On the one hand, the magistrate may have opportunity of examining as many witnesses as he desires before issuing the warrant; while in the other case he is limited to the complaint itself as a basis for his action in signing a warrant of arrest. If the rule which petitioner is seeking to have established were adopted, it would be impossible in many cases to prosecute criminals at all. If, for example, each of several people knew a fact or facts, not sufficient alone to justify a conviction, yet in combination pointing directly to the defendant's guilt of a misdemeanor, there could be no prosecution because no one could swear positively to the complaint. We do not think the legislature intended to make such an absurdity possible. There is good reason, too, why the rule with reference to positive pleading should apply more strictly to felonies than to misdemeanors. All misdemeanors are bailable. Some felonies are not. There is little danger of a protracted imprisonment of one charged with misdemeanor. The conviction of a felony carries with it deprivation of citizenship and great lasting disgrace. It is, therefore, proper that one accused of such a crime should be imprisoned only upon positive evidence at least tending to connect him with the crime. No such great odium attaches to a conviction of a misdemeanor. Perhaps these considerations governed the legislature somewhat when the rules of pleading in criminal actions were adopted. But whatever may have been the reasons, the legislature has seen fit to provide these different methods of inaugurating prosecutions for felonies

and simple misdemeanors respectively. We cannot bring our-selves to believe that the purpose was to prevent the prosecution of any person charged with a crime triable in a justice's or police court, if no one could swear positively that the offense had been committed. This subject has been carefully considered by the supreme court of Wisconsin in *State* v. *Davie*, 62 Wis. 305, [22 N. W. 411].) In that case it is held, after a review of the leading authorities, that "as to informations and indictments the charge must be positive in all cases." The court then uses the following language: "In reference to the authorities that may hold that in all cases before an accused person can be arrested for crime a complaint must be made in positive terms and by a person who knows of all the facts constituting the offense, we are free to say that they are unreasonable, if nothing more. There would be, and could be, but very few arrests under such a rule. Crime frequently rests upon circumstantial evidence, and very numerous facts in the knowledge of numerous persons, and all such witnesses could not be speedily and summarily brought before the magistrate to make complaint, and they could not be compelled to do so if they could be found. A complaint is not a conviction, any more than an information or indictment, and the accused should not be fully tried upon all the evidence before he is arrested, and his case prejudiced thereby. The indictment or information is a mere charge of an offense, and why should a complaint before a magistrate be anything more to warrant the arrest of the accused? The rule contended for would make the execution of the criminal laws impracticable if not impossible, and many offenders would escape justice. It would be a very humane and safe rule for the criminal, but cruel and unsafe for society. The complainant may be in possession of such facts, by information or otherwise, as would give him good reason to believe that a certain person had committed an offense, and the persons who have knowledge of the facts of the crime may be either unable or unwilling to make complaint. What shall be done? Our statute sufficiently guards and protects the rights of accused persons, and, if strictly followed, there will be no danger of wanton or causeless arrests, and it is by our own statute that this complaint is to be tested." The closing sentence of the above quotation, it seems to us, states the true rule. We must be governed by

our *statute,* and unless the statute of California upon this
subject be construed in such manner as to sustain complaints
for minor offenses upon "information and belief," many of-
fenders whose guilt could be easily established, would abso-
lutely escape punishment.   ·

We are aware of the wide difference of ruling in the courts
that have passed upon this subject, but this may be partly
explained, at least, by the difference in the statutes construed.
In *People* v. *Heffron,* 53 Mich. 530, [19 N. W. 170], cited by
petitioner, it will be noticed that the court calls attention to
the method of procedure in that state, whereby other witnesses
than the complainant may be examined before the issuance of
the warrant.   In *Swart* v. *Kimball,* 43 Mich. 451, [5 N. W.
635], the information considered was one for felony.   *Loder*
v. *Phelps,* 13 Wend. 48, was a civil case under a statute requir-
ing a litigant seeking the arrest of his debtor, by affidavit to
"state the facts and circumstances within his knowledge."   In
both *Garnett* v. *Guynn,* 7 Kan. App. 414, [53 Pac. 275], and
*State* v. *Gleason,* 32 Kan. 245, [4 Pac. 363], the court's reason-
ing is based upon the constitutional provision that "no warrant
shall issue but on probable cause, supported by oath or affirma-
tion."   The case of *United States* v. *Collins,* 79 Fed. 65, had
reference to a charge which should be preliminarily examined
before a commissioner.   That case is analogous to *Ex parte
Dimmig,* 74 Cal. 164, [15 Pac. 619].   In Indiana complaints
upon information and belief have been repeatedly sustained.
(*Toops* v. *State,* 92 Ind. 14; *Franklin* v. *State,* 85 Ind. 99;
*State* v. *Buxton,* 31 Ind. 67; *Curry* v. *Baker,* 31 Ind. 155;
*State* v. *Ellison,* 14 Ind. 380; *Simpkins* v. *Malatt,* 9 Ind. 543.)
It is true that the form of affidavit prescribed by the statute
in Indiana contains the locution "as affiant verily believes,"
but in upholding an affidavit containing the formula "as affiant
is informed and believes" the court in *State* v. *Buxton,* 31 Ind.
67, places its ruling upon broad grounds, giving the reason
for the ruling as follows:   "It frequently occurs that the per-
petrator of crime is convicted on the testimony of a number
of witnesses swearing to different parts of the transaction
constituting the body of the offense.   No one person could
swear on personal knowledge that the accused was guilty, and
yet any one of the numerous witnesses might with a clear
conscience have made the affidavit for the arrest."   (See, also,

*Sullivan* v. *State*, 68 Ala. 528; *State* v. *Hobbs*, 39 Me. 212.)
Considering, therefore, the peculiar form of our statute pre-
scribing the manner of commencing prosecutions for misde-
meanors, and adopting the reasoning which seems most con-
vincing from the decisions that really present less conflict than
would at first appear, we are constrained to believe that the
complaint upon which the warrant issued for petitioner's
arrest was duly and properly verified.

It is ordered that the petitioner be remanded.

Henshaw, J., Sloss, J., Angellotti, J., and Shaw, J., con-
curred.