[Crim. No. 557.   Third Appellate District.—March 22, 1921.]

Ex parte J. N. VAN ZANDT, on Habeas Corpus.

[1] CRIMINAL LAW—ISSUANCE OF WARRANT OF ARREST—SUFFICIENCY OF COMPLAINT TO JUSTIFY—WHEN CORROBORATION NECESSARY.— While a complaint made upon information and belief, unfortified with depositions, does not justify a magistrate in issuing a warrant for the arrest of a person charged with the commission of a felony, a verified complaint containing positive and direct allegations of every fact necessary to support the charge laid, though unsupported by depositions, justifies the magistrate in issuing a warrant of arrest, provided he is satisfied therefrom that a crime has been committed and he finds therefrom reasonable cause to believe that the accused is guilty.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court

Walter F. Lynch for Petitioner.

Edward Van Vranken, District Attorney, for Respondent.

PREWETT, P. J., pro tem.—The petitioner is held in durance under a warrant issued by a magistrate of the county of San Joaquin, upon a complaint charging him with the crime of forgery. The allegations of the complaint are positive and not on information and belief. [1] He urges the single point in support of his plea for liberty that a magistrate should not, on the complaint alone, unfortified with depositions, issue a warrant for the arrest of a person charged with the commission of a felony. He

cites sections 811, 812, and 813 of the Penal Code as authority for his position. It is, we think, universally conceded that a complaint made upon information and belief must be thus supported. (*Ex parte Dimmig,* 74 Cal. 164, [15 Pac. 619].) While this case is clearly authority for the claim that a complaint based only upon information and belief will not support a criminal proceeding, it is, likewise, authority to the effect that the complaint alone may, under proper circumstances, be entirely sufficient.

We quote from that case the following instructive language: "Of course, where there was some evidence upon which the magistrate acted, we would not interfere. It may also, be true that the original information might be treated as a deposition; and in such view, if it contained positive evidence of facts tending to show guilt, it might be sufficient as a basis for the issuance of a warrant."

This case has been cited as authority in many later decisions, and it has never, so far as we are informed, been either overruled or doubted. It is quoted with approval in *Matter of the Application of Mills Sing,* 13 Cal. App. 736, [110 Pac. 693], where the court says: "The complaint which initiates a criminal proceeding need not be verified. (Pen. Code, § 806.) If verified, however, and containing positive evidence of facts tending to show guilt, the same may be treated by the magistrate as the deposition required by section 812 of the Penal Code."

The Dimmig case received consideration at the hands of the court in the case of *Modern Land Co.* v. *Police Court,* 12 Cal. App. 582, [108 Pac. 56], and the court comments as follows: "He also claims that under section 1527 of the Penal Code the evidentiary and not the ultimate facts should be stated. Here the affidavit set forth the commission of the larceny not upon information but in positive terms, and in view of the decisions in *Ex parte Dimmig,* 74 Cal. 164, [15 Pac. 619], and *People* v. *Staples,* 91 Cal. 23, [27 Pac. 523], this last contention would seem to have as little merit as the first one."

It is possible that this quotation may be treated, in view of the ultimate conclusion of the court, as a *dictum,* still it is not without value in this connection. In the Staples case, the precise point involved in the instant case was raised, and in passing thereon Chief Justice Beatty, sustained by

the entire court, said: "One ground of the motion was that the magistrate before whom the examination was had issued his warrant of arrest without having taken any depositions of witnesses in support of the charge laid in the complaint, thus violating—as he claims—the provisions of sections 811, 812, and 813 of the Penal Code. In support of this point he cites and relies upon the case of *Ex parte Dimmig*, 74 Cal. 164, [15 Pac. 619]. But that case lends no support to his contentions for two reasons. In the first place, the complaint in this case, unlike the complaint against Dimmig, is positive and direct in its allegation of every fact necessary to support the charge laid, and is, therefore, in itself a sufficient deposition within the doctrine of the Dimmig case. In the second place," etc.

We find no case in the seventy years of our state's history in which an accused person has been discharged by any court of general appellate jurisdiction for the sole reason that the complaint was not corroborated with depositions, and we are confident that no such case can be found. Where the same point arises in tens of thousands of cases and it meets with the uniform acquiescence of the bench and bar, a strong inference arises that their acquiescence is justified.

In addition to the Dimmig case, the petitioner refers us to a number of cases which he insists support his position. Some of these will be briefly noticed. In *Ex parte Blake*, 155 Cal. 586, [18 Ann. Cas. 815, 102 Pac. 269], strongly relied upon by petitioner, we find nothing not in harmony with the cases above cited. That was a case where the petitioner was charged in a justice's court with the commission of a misdemeanor of which the court had jurisdiction. The court quotes from the Dimmig case with approval and points out a difference between complaints for felonies and mere misdemeanors. The case is not in point. He draws our attention to *Ex parte Conner*, 3 Cal. App. 241, [84 Pac. 999]. It is true that in this particular case the court intimates the necessity for depositions in addition to the original information or complaint. But that was a proceeding under section 701 of the Penal Code, and the court justified its conclusion in these words: "Nor do we think that the written information verified by her shows the facts necessary to justify the issue of the warrant."

This authority does not support the claims of the petitioner herein; on the contrary, the plain implication therefrom is that the verified information would have been held sufficient if it had shown the necessary facts. It seems that in proceedings under section 701 the complaining pleading is called an "information" instead of a complaint.

No more does *Ex parte Hartwell,* 28 Cal. App. 627, [153 Pac. 730], aid the petitioner. The reported opinion in that case contains a criticism of the complaint upon which the accused was arrested, but the only point before the court was the competency of the complaint as evidence upon the preliminary examination. It was held to be inadmissible for this purpose. The question as to its sufficiency to justify the issue of a warrant did not arise and no attempt was made to decide it. The case contains no implication that a complaint under oath stating sufficient facts would not justify the issue of a warrant.

*People* v. *Lee Look,* 143 Cal. 216, [76 Pac. 1028], throws no more light on the question now under consideration than to show that the point can be raised only before examination and commitment.

*Ex parte Spears,* 88 Cal. 640, [22 Am. St. Rep. 341, 26 Pac. 608], discussed at the oral argument does not throw any light on the question. In that case the complaint charged only "on information and belief," and it comes squarely within the doctrine of *Ex parte Dimmig, supra.*

Petitioner cites with some confidence the case of *Church* v. *Calhoun,* 129 Mich. 126, [88 N. W. 403]. That case is not authority on any point involved herein. In that case the defendant was arrested in a civil action on a *capias ad respondendum* upon an affidavit by a layman charging the defendant with certain acts of malpractice which, it appeared, were within the knowledge only of technically skilled surgeons. The court held that the failure of the affidavit to show the possession of such skill by the affiant rendered it insufficient. It is argued that, as the instant case is a charge of forgery, the affiant cannot have known that the petitioner well or otherwise knew that the check was false, forged, and counterfeit. But this contention is not sound. While there are many cases where one person cannot be heard to say that another possesses knowledge of a given matter, there are nevertheless many cases in

which he may, in a variety of ways, very satisfactorily know this. He may have heard the other admit it or he may have heard him make declarations from which the knowledge is infallibly inferred or, again, he may have seen conditions which impute the knowledge. It is not insisted that any other matters stated in the complaint are such as might not have been known to the deponent.

Our conclusion is that an uncorroborated verified complaint, stating sufficient facts, justifies the magistrate in issuing a warrant of arrest. He must be "satisfied" therefrom that a crime has been committed, and furthermore, he must find therefrom reasonable cause to believe that the accused is guilty. These things must be shown fully and by positive statement; but the legislature did not intend to require close technical accuracy in discriminating between probative and ultimate facts. A less satisfactory rule would permit many guilty persons to escape and would render it difficult to apprehend criminals who commit certain classes of crimes.

The petitioner is remanded and the writ discharged.

Hart, J., and Burnett, J., concurred.