[Civ. No. 9405. First Appellate District, Division Two.—January 15, 1935.]

NORMAN G. VADNAIS, Appellant, v. THE DEPARTMENT OF MOTOR VEHICLES, etc., et al., Respondents.

Frank E. Kilpatrick and William F. Herron for Appellant.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, and John A. McGilvray for Respondents.

STURTEVANT, J.—Heretofore the petitioner was employed as a member of the California highway patrol. Pro-

ceedings were brought against him on October 26, 1932, under the provisions of section 14 of the State Civil Service Act (Deering's Gen. Laws, 1931, Act No. 1400), and section 360c of the Political Code. The judgment in those proceedings was against this petitioner and he applied to the trial court for a writ of review. His application was denied and from that judgment he has appealed.

In several of his points he contends that the complaint filed before the Department of Motor Vehicles of the State of California, Division of Enforcement, did not state a cause of action. The charging portion of that complaint is as follows:

"III.

"In accordance with Section 14 of the State Civil Service Act (Deering's General Laws, Act No. 1400) and Section 360c of the Political Code, Norman G. Vadnais, defendant above named, is hereby charged with failure of good behavior and acts incompatible with and inimical to the public service of the State of California, in that he did solicit business for attorneys at law in violation of the provisions of an act entitled, 'An Act defining runners and cappers and prohibiting the solicitation of business by runners and cappers for attorneys at law; providing that contracts secured by them shall be void, and providing penalties for any violation of this act,' approved June 19, 1931, Statutes of California, 1931, Chapter 1043, page 2198.

"IV.

"As further and particular specifications of said charges complainant is informed and believes and, therefore, alleges:

"That on or about the 15th day of December, 1931, at or near the City of Livermore, County of Alameda, State of California, said defendant, Norman G. Vadnais, did then and there solicit one Joseph Prioste who had been involved in an automobile accident near said City of Livermore, County of Alameda, State of California, to employ the firm of Kilpatrick & Goodman, attorneys at law with offices in the City of Oakland, County of Alameda, State of California, to represent said Joseph Prioste in connection with said accident and then and there stated that he, the said defendant, Norman G. Vadnais, would assist said

Prioste if the firm of Kilpatrick & Goodman were retained by the said Joseph Prioste;

"That on or about the 15th day of December, 1931, at or near the City of Livermore, County of Alameda, State of California, said defendant, Norman G. Vadnais, did then and there solicit one John Norbriga who had been involved in an automobile accident near said City of Livermore, County of Alameda, State of California, to employ the firm of Kilpatrick & Goodman, attorneys at law, with offices in the City of Oakland, County of Alameda, State of California to represent said John Norbriga in connection with said accident and then and there stated that he, the said defendant, Norman G. Vadnais, would assist said John Norbriga if the firm of Kilpatrick & Goodman were retained by the said John Norbriga.

"That on or about the first day of January, 1932, in the City of Hayward, County of Alameda, State of California, said defendant, Norman G. Vadnais, did then and there solicit one Rowena M. Swickard, who had been involved in an automobile accident in the City of Oakland, County of Alameda, State of California, to employ the firm of Kilpatrick & Goodman, attorneys at law, with offices in the City of Oakland, County of Alameda, State of California, to represent said Rowena M. Swickard in connection with said accident." Section 360c of the Political Code, as enacted in 1931, provides:

"Sec. 360c . . . (m) *Violations of Civil Service Act.* Members of the California highway patrol guilty of any of the offenses or violations set forth in section 14 of the Civil Service Act, or the rules and regulations of the division of enforcement, shall be subject to the penalties set forth in said section 14 of the Civil Service Act, after trial and hearing by a trial board of three officers of equal or superior rank, who shall be designated as such by the chief of the division of enforcement.

"(n) *Trial. Venue.* Members of the California highway patrol shall not be subject to the penalties set forth in section 14 of the Civil Service Act until after a fair and impartial trial before the trial board upon a verified complaint filed with such board setting forth specifically the acts complained of, and after such reasonable notice to them

as to the time and place of hearing as such board may, by rule, prescribe. The hearing shall be held at a place to be designated by the chief of the division within the county in which the offense charged is alleged to have been committed. The accused shall be entitled, upon hearing, to appear personally or with counsel and to have a public trial.

"(o) *Decision by chief.* The findings of the trial board shall be submitted to the chief of the division of enforcement for his decision, and such decision, when approved by the civil service commission, shall be final." The Civil Service Commission Act, section 14, as amended in 1929, provides:

"Tenure of office. The tenure of every person holding a position under the provisions of this act shall be during good behavior, but any such person may be removed, demoted, suspended without pay or with reduced pay, transferred to another position in the same class, reprimanded, or restored to his position with such pay as may be equitable under a procedure in conformity with the provisions of this section which shall be set up by the commission in its rules and regulations, for any of the following causes: Incompetency, inefficiency, insubordination, dishonesty, intemperance, immorality, profanity, discourteous treatment of the public or other employees, improper political activity, wilful disobedience, violation of the provisions of this act or of the rules and regulations of the commission, or for any other failure of good behavior or any other act or acts which are incompatible with or inimical to the public service." By chapter 1043, Statutes of 1931, "An Act defining runners and cappers . . . " was enacted. Section 5 thereof provides:

"Sec. 5. Runner or capper defined. A runner or capper is hereby defined as any person, firm, association or corporation acting in any manner or in any capacity as an agent for an attorney at law within this state in the solicitation or procurement of business for such attorney at law as provided in this act. An agent as hereby defined, is one who represents another in dealings with third person or persons." Section 1 thereof provides:

"Sec. 1. Running and capping for attorneys by public officers unlawful. It shall be unlawful for any person employed either as an officer, director, trustee, clerk, servant,

or agent of this state or any county, city and county or other municipal corporation or subdivision thereof to act as a runner or capper or solicit any business for attorneys in and about the state prisons, county jails, city jails, city prisons or other places of detention of persons, city receiving hospitals, city and county hospitals, county hospitals, police courts, justice courts, municipal courts, superior courts or in any public institutions or in any public place or upon any public street or highway, or in and about private hospitals, sanitariums or in and about any private institution or upon private property of any character whatsoever.'' Section 6 thereof provides:

''Sec. 6. *Penalties.* Any person, firm, partnership, association, or corporation violating any of the provisions of this act shall be guilty of a misdemeanor, and shall be punishable by a fine not less than one hundred dollars nor more than five hundred dollars, or by imprisonment for not less than one month nor more than six months, or by both such fine and imprisonment. Any person mentioned in section 1 of this act, who shall be found guilty of violating any of the provisions of this act shall forfeit the right to his office and employment and in addition thereto shall be punishable by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment for not less than one month nor more than six months, or by both such fine and imprisonment. Any contract for professional services secured by any attorney at law in this state through the services of a runner or capper shall be void.''

The petitioner contends that because the complaint did not allege that he had been convicted under section 6 of the ''Runners and Cappers Act'' it was insufficient. We think the contention may not be sustained. If we ignore as surplusage that portion of the charge '' . . . in violation of the provisions of an act entitled 'An Act defining runners and cappers and prohibiting the solicitation of business by runners and cappers for attorneys at law; providing that contracts secured by them shall be void, and providing penalties for any violation of this act', approved June 19, 1931, Statutes of California, 1931, Chapter 1043, page 2198'', the complaint would not be weakened. It would still be a complete statement of a wrongful act. Sec-

tion 14 of the Civil Service Act was enacted in 1929. (Stats. 1929, p. 252.) Section 360c of the Political Code was enacted later, but by its cross-reference it, in effect, adopts the provisions of the earlier act. The Runners and Cappers Act was enacted in 1931, but it contains no cross-reference to either of the other acts and is not necessarily a part of either or both. We have stated that the complaint as deleted stated wrongful acts. It remains for us to ascertain if such wrongful acts come within the provisions of section 14 of "The State Civil Service Act". It provides: "The tenure of every person holding a position under the provisions of this act shall be during good behavior, but any such person may be removed . . . for any of the following causes: . . . violation of the provisions of this act . . . or for any other failure of good behavior or any other act or acts which are incompatible with or inimical to the public service." The petitioner contends the only possible claim that can be made is that he was charged under the last clause. Continuing, he claims that if we bear in mind the rule *ejusdem generis* then the clause last stated in the section applies only to persons and things of the same general nature or class as those enumerated. The charge alleges *wrongful* behavior as distinguished from *good* behavior. Such acts are specifically inhibited by the provisions of the section. Such acts were also "incompatible with" and "inimical to" the public service. The charges came within the calls of the statute.

It is also contended that section 14 of the State Civil Service Act is invalid because not more specific in its definition. That attack is, we think, without merit. It is a civil service statute covering innumerable different positions of officers and employees. No statute could be written covering all of those positions and which was as specific in its provisions as contended for by the petitioner.

In his next point the petitioner contends the evidence was insufficient to sustain the findings. The evidence is before us. It is abundantly sufficient.

As will be noted from the quoted portions thereof the complaint was made on information and belief. The petitioner contends the allegations should have been positive. It is not claimed any statutory rule of procedure has been violated, but "constitutional rights" are said to have

been violated. (Const., art. I, sec. 19; *Ex parte Spears,* 88 Cal. 640 [26 Pac. 608, 22 Am. St. Rep. 341].) The petitioner was not charged with crime. He was charged with conduct which was not good behavior. The allegations of the complaint would have been good as to any employee in private employment. (Code Civ. Proc., sec. 446; Civ. Code sec. 2015.) We see no reason why they were not good as to one in public employment.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.